IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, and LEO PHARMA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No.: 16-333-SLR |
| v. | ) ) ) | |
| ACTAVIS LABORATORIES UT, INC., and ACTAVIS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## ANSWER

Defendants Actavis Laboratories UT, Inc. ("Actavis UT") and Actavis, Inc. ("Actavis, Inc.") (collectively, "Defendants"), by their attorneys, answer the Complaint of Plaintiffs LEO Pharma A/S ("LEO Pharma"), LEO Laboratories Limited ("LEO Labs"), and LEO Pharma, Inc. ("LEO, Inc.") (collectively, "LEO") as follows:

## RESPONSE TO "NATURE OF THE ACTION"

1.     This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 et seq., and in particular under 35 U.S.C. § 271(a), (b), (c), and (e). This action relates to Abbreviated New Drug Application ("ANDA") Nos. 208807 and 209086 (collectively, "the Actavis ANDAs"), filed by and for the benefit of Actavis with the U.S. Food and Drug Administration ("FDA") seeking approval to market generic versions of LEO Pharma's PICATO® innovative pharmaceutical products, which are gels containing ingenol mebutate gel as the active pharmaceutical ingredient at dosage strengths of 0.015% and 0.05%.

**ANSWER:** Defendants admit that LEO purports to bring this action under the patent laws of the United States. Defendants further admit that this action purports to relate to ANDA Nos. 208807 and 209086, filed with the FDA by Actavis UT, seeking approval to market ingenol mebutate gel with active pharmaceutical ingredient dosage strengths of 0.015% and 0.05%. Defendants deny the remaining allegations in Paragraph 1 of the Complaint.

## RESPONSE TO "THE PARTIES"

2.     Plaintiff LEO Pharma is a company organized and existing under the laws of Denmark with its headquarters at Industriparken 55, DK-2750 Ballerup, Denmark. LEO Pharma is a research-based company dedicated to developing innovative drugs to help patients with dermatologic conditions.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 2 of the Complaint, and on that basis deny such

allegations.

3.     Plaintiff LEO Labs is a company organized and existing under the laws of Ireland with its headquarters at 285 Cashel Road, Dublin 12, Ireland. LEO Labs is a wholly owned subsidiary of LEO Pharma.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3 of the Complaint, and on that basis deny such

allegations.

4.     Plaintiff LEO, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Sylvan Way, Parsippany, NJ 07054. LEO, Inc. is a wholly owned subsidiary of LEO Pharma.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 4 of the Complaint, and on that basis deny such

allegations.

5.     On information and belief, Defendant Actavis, Inc. is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

**ANSWER:** Defendants admit that Actavis, Inc. is a corporation organized and existing

under the laws of the State of Nevada, and has a place of business at Morris Corporate Center III,

400 Interpace Parkway, Parsippany, New Jersey 07054. Otherwise, denied.

6.     On information and belief, Defendant Actavis UT is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 577 S.

Chipeta Way, Salt Lake City, Utah 84108. On information and belief, Actavis UT is a wholly owned subsidiary of Actavis, Inc.

**ANSWER:** Defendants admit that Actavis UT is a corporation organized and existing under the laws of the State of Delaware, and has a place of business at 577 S. Chipeta Way, Salt Lake City, Utah 84108. Defendants further admit that Actavis UT is a wholly owned subsidiary of Actavis, Inc. Otherwise, denied.

7.      On information and belief, Actavis, Inc. is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions and through the actions of its agents and subsidiaries, including, at least, Actavis UT.

**ANSWER:** Defendants deny the allegations in Paragraph 7 of the Complaint.

8.      On information and belief, Actavis UT is in the business of, *inter alia*, developing, manufacturing, obtaining regulatory approval, marketing, selling, and distributing generic copies of branded pharmaceutical products throughout the United States, including within this judicial district, through its own actions.

**ANSWER:** Defendants admit that Actavis UT is in the business of, among other things, developing, manufacturing, and obtaining regulatory approval for pharmaceutical products throughout the United States, including within this judicial district. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.      On information and belief, Actavis UT acts at the direction of, under the control of, and for the benefit of Actavis, Inc. and is controlled and/or dominated by Actavis, Inc. On information and belief, Actavis, Inc. and Actavis UT share at least some common employees, officers, and/or directors.

**ANSWER:** Defendants admit that Actavis UT is a wholly owned subsidiary of Actavis, Inc. Defendants further admit that Actavis, Inc. and Actavis UT share at least one common employee, officer, or director. Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.  On information and belief, Actavis, Inc. and Actavis UT each act as an agent of the other and work together to, *inter alia*, develop, manufacture, obtain regulatory approval, market, sell, and distribute generic copies of branded pharmaceutical products throughout the United States, including within this judicial district.

**ANSWER:** Defendants deny the allegations in Paragraph 10 of the Complaint.

11.  On information and belief, Actavis, Inc. and Actavis UT participated and collaborated in the research and development, and the preparation and filing, of the Actavis ANDAs, continue to participate and collaborate in seeking FDA approval of the Actavis ANDAs, intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and sale of Actavis' ANDA Products throughout the United States including this judicial district, and stand to benefit from the approval of the Actavis ANDAs.

**ANSWER:** Defendants deny the allegations in Paragraph 11 of the Complaint.

### RESPONSE TO "JURISDICTON AND VENUE"

12.  This is a civil action for patent infringement arising under the patent laws of the United States of America, Title 35 of the U.S. Code, for infringement of U.S. Patent No.7,410,656 ("the '656 Patent"), U.S. Patent No. 8,278,292 ("the '292 Patent"), U.S. Patent No.8,372,827 ("the '827 Patent"), U.S. Patent No. 8,372,828 ("the '828 Patent"), U.S. Patent No. 8,377,919 ("the '919 Patent"), U.S. Patent No. 8,536,163 ("the '163 Patent"), U.S. Patent No. 8,716,271 ("the '271 Patent"), and U.S. Patent No. 8,735,375 ("the '375 Patent") (collectively, "the Patents-in-Suit").

**ANSWER:** Defendants admit that LEO purports to bring this civil action for patent infringement arising under the patent laws of the United States of America, Title 35 of the U.S. Code, for infringement of U.S. Patent No.7,410,656 ("the '656 Patent"), U.S. Patent No. 8,278,292 ("the '292 Patent"), U.S. Patent No.8,372,827 ("the '827 Patent"), U.S. Patent No. 8,372,828 ("the '828 Patent"), U.S. Patent No. 8,377,919 ("the '919 Patent"), U.S. Patent No. 8,536,163 ("the '163 Patent"), U.S. Patent No. 8,716,271 ("the '271 Patent"), and U.S. Patent No. 8,735,375 ("the '375 Patent") (collectively, "the Patents-in-Suit"). Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER:** Paragraph 13 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny that the Court has subject matter jurisdiction over Actavis, Inc. because Actavis, Inc. did not submit ANDA Nos. 209086 and 208807 to the FDA.

14.     This Court has personal jurisdiction over Actavis UT because Actavis UT is a corporation organized under the laws of the State of Delaware, and therefore, is subject to the laws and protections of the State of Delaware.

**ANSWER:** Defendants admit that Actavis UT is a corporation organized and existing under the laws of the State of Delaware. The remainder of Paragraph 14 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, and solely to conserve the resources of the parties and the Court, Defendants do not contest that the Court has personal jurisdiction over Actavis UT for purposes of this action only.

15.     This Court has personal jurisdiction over Actavis, Inc. because Actavis, Inc. has availed itself of the legal protections of the State of Delaware by owning subsidiaries that are incorporated in Delaware (*e.g.*, Actavis UT), and by voluntarily submitting to and employing the jurisdiction of this Court as a plaintiff (*e.g.*, *Kissei Pharm. Co. v. Sandoz Inc.*, No. 1:13-cv-01092-LPS (D. Del. filed June 17, 2013)) and as a counter-claimant in numerous matters (*e.g.*, *Elan Pharma. Int'l v. Actavis Labs. UT, Inc.*, No. 1:15-cv-00291-LPS (D. Del. filed Apr. 2, 2015); *Novartis AG v. Actavis, Inc.*, No. 1:14-cv-01487-LPS (D. Del. filed Dec. 16, 2014)).

**ANSWER:** Defendants admit that Actavis UT is a wholly owned subsidiary of Actavis, Inc. Defendants admit that Actavis, Inc. was a plaintiff in *Kissei Pharm. Co. v. Sandoz Inc.*, No. 1:13-cv-01092-LPS (D. Del. filed June 17, 2013). Defendants further admit that Actavis, Inc. was a counter-claimant in *Novartis AG v. Actavis, Inc.*, No. 1:14-cv-01487-LPS (D. Del. filed Dec. 16, 2014). Defendants deny that Actavis, Inc. was a counter-claimant in *Elan Pharma. Int'l v. Actavis Labs. UT, Inc.*, No. 1:15-cv-00291-LPS (D. Del. filed Apr. 2, 2015). Defendants provide no answer to the portions of Paragraph 15 of the Complaint containing conclusions of law. To the extent an answer is required, Defendants deny that the Court has personal

jurisdiction over Actavis, Inc. because Actavis, Inc. did not submit ANDA Nos. 209086 and

208807 to the FDA. However, solely to conserve the resources of the parties and the Court,

Defendants do not contest that the Court has personal jurisdiction over Actavis, Inc. for purposes

of this action only. Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     This Court also has personal jurisdiction over Actavis, Inc. and Actavis UT because they each have continuous and systemic contacts with Delaware. Further, both Actavis, Inc. and Actavis UT have committed, or aided, abetted, contributed to and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to LEO, which manufactures PICATO® for sale and use throughout the United States, including in this judicial district. In addition, on information and belief, if the Actavis ANDAs were to receive approval, Actavis, Inc. and Actavis UT would market and sell generic versions of PICATO® in Delaware.

**ANSWER:** Defendants admit that ANDA Nos. 209086 and 208807 seek approval to

market and sell ingenol mebutate gel with active pharmaceutical ingredient dosage strengths of

0.015% and 0.05% in the United States, including Delaware. Defendants deny that they have

committed, or aided, abetted, contributed to and/or participated in the commission of, acts of

patent infringement. Defendants provide no answer to the portions of Paragraph 16 of the

Complaint containing conclusions of law. To the extent an answer is required, Defendants deny

that the Court has personal jurisdiction over Actavis, Inc. However, solely to conserve the

resources of the parties and the Court, Defendants do not contest that the Court has personal

jurisdiction over Defendants for purposes of this action only. Defendants deny the remaining

allegations in Paragraph 16 of the Complaint.

17.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Paragraph 17 of the Complaint contains conclusions of law to which no

answer is required. To the extent an answer is required, Defendants deny that venue is proper in

this judicial district for LEO's Complaint against Actavis, Inc. because Actavis, Inc. did not

submit ANDA Nos. 209086 and 208807 to the FDA. However, solely to conserve the resources

of the parties and the Court, Defendants do not contest that venue is proper in this judicial district for purposes of this action only.

**RESPONSE TO "LEO'S APPROVED PICATO® DRUG PRODUCTS AND PATENTS"**

18.     LEO Pharma is the holder of New Drug Application ("NDA") No. 202833 for ingenol mebutate gel, 0.015% and 0.05%, which was approved by FDA on January 23, 2012. LEO Pharma and LEO, Inc. market the innovative approved drug products under the trade name PICATO®.

**ANSWER:** Defendants admit that NDA No. 202833 is the NDA filed with the FDA for ingenol mebutate gel, 0.015% and 0.05%. The NDA speaks for itself. Defendants provide no answer to the portions of Paragraph 18 of the Complaint containing conclusions of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint, and on that basis deny such allegations.

19.     The active pharmaceutical ingredient in PICATO® is ingenol mebutate, also referred to as ingenol-3-angelate.

**ANSWER:** Defendants admit the allegations in Paragraph 19 of the Complaint.

20.     PICATO® is the first approved pharmaceutical product to contain the compound ingenol mebutate. In recognition of this, the FDA awarded PICATO® New Chemical Entity ("NCE") exclusivity, which expires January 23, 2017, pursuant to 21 C.F.R. § 314.108.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 20 of the Complaint containing conclusions of law. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 of the Complaint, and on that basis deny such allegations.

21.     LEO Pharma's PICATO® products are approved for the topical treatment of actinic keratosis. A true and correct copy of the prescribing information for LEO Pharma's PICATO® products approved in NDA No. 202833 is attached as Exhibit A.

**ANSWER:** Exhibit A of the Complaint speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint, and on that basis deny such allegations.

22.     FDA has awarded PICATO® gel, 0.015%, additional exclusivity based on studies provided in a Supplemental NDA, which expires November 19, 2018.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 22 of the Complaint containing conclusions of law. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22 of the Complaint, and on that basis deny such allegations.

23.     The PICATO® products, and their use, are covered by claims of the '656 Patent, '292 Patent, the '827 Patent, the '828 Patent, the '919 Patent, the '163 Patent, the '271 Patent, and the '375 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 23 of the Complaint.

24.     The Patents-in-Suit are listed in FDA's Orange Book—formally known as *Approved Drug Products With Therapeutic Equivalence Evaluations*—in connection with NDA No. 202833.

**ANSWER:** Defendants admit that the '656 Patent, '292 Patent, the '827 Patent, the '828 Patent, the '919 Patent, the '163 Patent, the '271 Patent, and the '375 Patent are listed in the Orange Book for NDA No. 202833. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint, and on that basis deny such allegations.

25.     LEO Labs is the owner of, and has the right to enforce, the Patents-in-Suit.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 25 of the Complaint containing conclusions of law. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and on that basis deny such allegations.

26. The '656 Patent, entitled "Anti-Cancer Compounds," was duly and legally issued by the United States Patent and Trademark Office on August 12, 2008. The Orange Book presently shows that the '656 Patent's term ends on October 10, 2020. A true, correct, and complete copy of the '656 Patent is attached hereto as Exhibit B.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 26 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit B of the

Complaint speaks for itself. Otherwise, denied.

27. The '292 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on October 2, 2012. The Orange Book presently shows that the '292 Patent's term ends on July 6, 2027. A true, correct, and complete copy of the '292 Patent is attached hereto as Exhibit C.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 27 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit C of the

Complaint speaks for itself. Otherwise, denied..

28. The '827 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on February 12, 2013. The Orange Book presently shows that the '827 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '827 Patent is attached hereto as Exhibit D.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 28 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit D of the

Complaint speaks for itself. Otherwise, denied.

29. The '828 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on February 12, 2013. The Orange Book presently shows that the '828 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '828 Patent is attached hereto as Exhibit E.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 29 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit E of the

Complaint speaks for itself. Otherwise, denied.

30. The '919 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on February 19, 2013. The Orange

Book presently shows that the '919 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '919 Patent is attached hereto as Exhibit F.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 30 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit F of the

Complaint speaks for itself. Otherwise, denied.

31.     The '163 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on September 17, 2013. The Orange Book presently shows that the '163 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '163 Patent is attached hereto as Exhibit G.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 31 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit G of the

Complaint speaks for itself. Otherwise, denied.

32.     The '271 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on May 6, 2014. The Orange Book presently shows that the '271 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '271 Patent is attached hereto as Exhibit H.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 32 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit H of the

Complaint speaks for itself. Otherwise, denied.

33.     The '375 Patent, entitled "Therapeutic Compositions," was duly and legally issued by the United States Patent and Trademark Office on May 27, 2014. The Orange Book presently shows that the '375 Patent's term ends on December 18, 2026. A true, correct, and complete copy of the '375 Patent is attached hereto as Exhibit I.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 33 of the

Complaint containing conclusions of law. The Orange Book speaks for itself. Exhibit I of the

Complaint speaks for itself. Otherwise, denied.

## RESPONSE TO "ACTAVIS' ANDA NO. 208807 AND ANDA NO. 209086"

34.     On information and belief, Actavis has submitted or caused to be submitted ANDA No. 208807 to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in

the commercial manufacture, use, or sale of Ingenol Mebutate Gel, 0.015%, as a purported generic version of PICATO®, prior to the expiration of the Patents-in-Suit. On information and belief, Actavis' generic Ingenol Mebutate Gel, 0.015%, is a formulation that comprises ingenol mebutate, also known as ingenol-3-angelate, as its active pharmaceutical ingredient.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 208807 to the FDA

seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel,

0.015% prior to the expiration of the Patents-in-Suit. Defendants admit that Ingenol Mebutate

Gel, 0.015%, is a formulation that comprises ingenol mebutate, also known as ingenol-3-

angelate, as its active pharmaceutical ingredient. Defendants provide no answer to the portions of

Paragraph 34 of the Complaint containing conclusions of law. Defendants deny the remaining

allegations in Paragraph 34 of the Complaint.

35.     On information and belief, Actavis has also submitted or caused to be submitted ANDA No. 209086 to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of Ingenol Mebutate Gel, 0.05%, as a purported generic version of PICATO®, prior to the expiration of the Patents-in-Suit. On information and belief, Actavis' generic Ingenol Mebutate Gel, 0.05%, is a formulation that comprises ingenol mebutate, also known as ingenol-3-angelate, as its active pharmaceutical ingredient.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 to the FDA

seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel,

0.05% prior to the expiration of the Patents-in-Suit. Defendants admit that Ingenol Mebutate Gel,

0.05%, is a formulation that comprises ingenol mebutate, also known as ingenol-3-angelate, as

its active pharmaceutical ingredient. Defendants provide no answer to the portions of Paragraph

35 of the Complaint containing conclusions of law. Defendants deny the remaining allegations in

Paragraph 35 of the Complaint.

36.     LEO received a letter from Actavis UT, dated March 25, 2016, representing that Actavis UT had submitted to FDA ANDA No. 208807 with a paragraph IV certification as against the Patents-in-Suit ("the 0.015% Notice Letter"). The purpose of the ANDA is to obtain FDA approval to engage in the commercial manufacture and sale of a generic version of LEO Pharma's PICATO® product before the expiration of the Patents-in-Suit.

**ANSWER:** Defendants admit that Actavis UT sent LEO a letter, dated March 25, 2016, providing notice of Actavis UT's submission of ANDA No. 208807 to the FDA ("the 0.015% Notice Letter"). The 0.015% Notice Letter speaks for itself. Defendants admit that Actavis UT seeks FDA approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.015% prior to the expiration of the Patents-in-Suit. Defendants deny the remaining allegations in Paragraph 36 of the Complaint.

37.    LEO also received a letter from Actavis UT, dated March 25, 2016, representing that Actavis UT had submitted to FDA ANDA No. 209086 with a paragraph IV certification for the Patents-in-Suit ("the 0.05% Notice Letter"). The purpose of the ANDA is to obtain FDA approval to engage in the commercial manufacture and sale of a generic version of LEO Pharma's PICATO® product before the expiration of the Patents-in-Suit.

**ANSWER:** Defendants admit that Actavis UT sent LEO a letter, dated March 25, 2016, providing notice of Actavis UT's submission of ANDA No. 209086 to the FDA ("the 0.05% Notice Letter"). The 0.05% Notice Letter speaks for itself. Defendants admit that Actavis UT seeks FDA approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% prior to the expiration of the Patents-in-Suit. Defendants deny the remaining allegations in Paragraph 37 of the Complaint.

38.    Hence, Actavis' purpose in submitting the Actavis ANDAs is to gain approval from the FDA to manufacture and market generic Ingenol Mebutate Gel, 0.015% and generic Ingenol Mebutate Gel, 0.05% (collective, the "ANDA Products") before the expiration of the Patents-in-Suit.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.015% prior to the expiration of the Patents-in-Suit. Defendants further admit that Actavis UT submitted ANDA No. 209086 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% prior to the expiration of the Patents-in-Suit. Defendants deny the remaining allegations in Paragraph 38 of the Complaint.

39.     The 0.05% Notice Letter and the 0.015% Notice Letter state that the Paragraph IV certifications Actavis made in the ANDAs allege that the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of the Actavis ANDAs.

**ANSWER:** The 0.015% Notice Letter speaks for itself. The 0.05% Notice Letter speaks for itself. Defendants admit that the 0.015% Notice Letter and the 0.05% Notice Letter contained a notification of a Paragraph IV certification to the FDA that the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of Ingenol Mebutate Gel, 0.015% and Ingenol Mebutate Gel, 0.05%. Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.     Actavis' 0.05% Notice Letter and 0.015% Notice Letter included an Offer of Confidential Access to the Actavis ANDAs, subject to stated terms and restrictions. In response to the Letters, LEO sought to negotiate reasonable "restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." 21 U.S.C. § 355(j)(5)(C)(i)(III). Despite good faith efforts to negotiate reasonable restrictions, LEO and Actavis were unable to reach an agreement under which LEO could confidentially access the Actavis ANDAs.

**ANSWER:** The 0.015% Notice Letter speaks for itself. The 0.05% Notice Letter speaks for itself. Defendants admit that the 0.015% Notice Letter and the 0.05% Notice Letter contained offers of confidential access to ANDA No. 209086 and ANDA No. 208807, subject to certain terms and restrictions. Defendants admit that LEO and Actavis UT were unable to reach an agreement under which LEO could confidentially access the ANDA No. 209086 and ANDA No. 208807. Defendants further state that the offer of confidential access as presented contained reasonable "restrictions as to persons entitled to access, and on the use and disposition of any information accessed as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." Defendants provide no

answer to the portions of Paragraph 40 of the Complaint containing statements or conclusions of law. Defendants deny the remaining allegations in Paragraph 40 of the Complaint.

41. On information and belief, Actavis, Inc. and Actavis UT have assisted with and participated in the preparation and submission of the Actavis ANDAs, have provided material support to the preparation and submission of the Actavis ANDAs, and intend to support the further prosecution of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT prepared and submitted, and provided material support towards the preparation and submission of, ANDA No. 209086 and ANDA No. 208807. Defendants further admit that Actavis UT intends to support the further prosecution of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. On information and belief, if FDA approves the Actavis ANDAs, Actavis will manufacture, offer for sale, or sell Actavis' ANDA Products within the United States, including within Delaware, or will import Actavis' ANDA Products into the United States, including Delaware.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States, including within Delaware. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint, and on that basis deny such allegations.

43. On information and belief, if FDA approves the Actavis ANDAs, Actavis will actively induce or contribute to the manufacture, use, offer for sale, or sale of Actavis' ANDA Products.

**ANSWER:** Defendants provide no answer to the portions of Paragraph 43 of the Complaint containing statements or conclusions of law. Otherwise, denied.

44. This action is being brought pursuant to 21 U.S.C. § 355(j)(5)(B)(iii) within forty five days of Plaintiff's receipt of the 0.05% Notice Letter and the 0.015% Notice Letter.

**ANSWER:** Defendants admit the allegations in Paragraph 44 of the Complaint.

## RESPONSE TO
## COUNT 1
### (Infringement of the '656 Patent)

45.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

46.     On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 46 of the Complaint.

47.     Actavis has infringed the '656 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '656 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     The '656 Patent includes claims that recite methods of administering an angeloyl substituted ingenane. Ingenol-3-angelate is an angeloyl-substituted ingenane.

**ANSWER:** The '656 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49.     On information and belief, Actavis' ANDA Products contain Ingenol-3-angelate.

**ANSWER:** Defendants admit the allegations in Paragraph 49 of the Complaint.

50.     Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would actively induce and/or contribute to infringement of the '656 Patent. Accordingly, unless enjoined by this Court, upon FDA approval the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby induce infringement and/or contribute to the infringement of one or more claims of the '656 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of the Complaint.

51.     Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Actavis' ANDA Products. On information and belief, Actavis will also knowingly and intentionally accompany Actavis' ANDA Products with product labels and product inserts that will include instructions for using and administering Actavis' ANDA Products. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Accordingly, Actavis will induce health care professionals, resellers, pharmacies, and end users of Actavis' ANDA Products to directly infringe one or more claims of the '656 Patent. In addition, on information and belief, Actavis will encourage acts of direct infringement with knowledge of the '656 Patent and knowledge that they are encouraging infringement.

**ANSWER:** To the extent that Paragraph 51 of the Complaint contains allegations about

Defendants' future actions, Defendants lack knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 51 of the Complaint, and on that basis deny such

allegations. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52.     Actavis had actual and constructive notice of the '656 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '656 Patent would constitute an act of infringement of the '656 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '656 Patent prior to

submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the

remaining allegations in Paragraph 52 of the Complaint.

53.     In the 0.05% Notice Letter and 0.015% Notice Letter, Actavis does not allege non-infringement for one or more claims in the '656 Patent.

**ANSWER:** The 0.015% Notice Letter speaks for itself. The 0.05% Notice Letter speaks

for itself. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54.     On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '656 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis'

conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '656 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 54 of the Complaint.

55.     LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '656 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 55 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

**RESPONSE TO**
<u>**COUNT 2**</u>
**(Declaratory Judgment of Infringement of the '656 Patent)**

56.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

57.     LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 57 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58.     The '656 Patent includes claims that recite methods of administering an angeloyl-substituted ingenane. Ingenol-3-angelate is an angeloyl-substituted ingenane.

**ANSWER:** The '656 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 58 of the Complaint.

59.     On information and belief, Actavis' ANDA Products contain Ingenol-3-angelate.

**ANSWER:** Defendants admit the allegations in Paragraph 59 of the Complaint.

60.　　On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and

208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of

Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60

of the Complaint, and on that basis deny such allegations.

61.　　On information and belief, Actavis knows that health care professionals or patients will use Actavis' ANDA Products in accordance with the labeling sought by the Actavis ANDAs. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Therefore, Actavis will contribute to the infringement of and/or induce the infringement of one or more claims of the '656 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 61 of the Complaint.

62.　　On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '656 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '656 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 62 of the Complaint.

63.　　As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '656 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 63 of the Complaint.

64.　　LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 64 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 64 of the Complaint.

65.     This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 65 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

## RESPONSE TO
## COUNT 3
### (Infringement of the '292 Patent)

66.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

67.     On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Actavis has infringed the '292 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '292 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     The '292 Patent includes claims that recite a pharmaceutical formulation comprising ingenol-3-angelate and a pharmaceutically acceptable solvent, wherein the

pharmaceutical formulation retains specified amounts of ingenol-3-angelate under certain duration and temperature conditions.

**ANSWER:** The '292 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 69 of the Complaint.

70.     On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol-3-angelate and a pharmaceutically acceptable solvent, wherein the pharmaceutical formulation retains specified amounts of ingenol-3-angelate at certain duration and temperature conditions.

**ANSWER:** Defendants deny the allegations in Paragraph 70 of the Complaint.

71.     Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would directly infringe, and/or would actively induce and/or contribute to infringement of, the '292 Patent. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to third parties including resellers, pharmacies, hospitals and other clinics. Accordingly, unless enjoined by this Court, upon FDA approval of the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '292 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Actavis had actual and constructive notice of the '292 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '292 Patent would constitute an act of infringement of the '292 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '292 Patent prior to submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the remaining allegations in Paragraph 72 of the Complaint.

73.     In the 0.05% Notice Letter and 0.015% Notice Letter, Actavis does not allege non-infringement for one or more claims in the '292 Patent.

**ANSWER:** The 0.015% Notice Letter speaks for itself. The 0.05% Notice Letter speaks for itself. Defendants deny the remaining allegations in Paragraph 73 of the Complaint.

74.     On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '292 Patent to be invalid, unenforceable, and/or not infringed by the

commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '292 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 74 of the Complaint.

75.     LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '292 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 75 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

**RESPONSE TO**
**COUNT 4**
**(Declaratory Judgment of Infringement of the '292 Patent)**

76.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

77.     LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 77 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     The '292 Patent includes claims that recite a pharmaceutical formulation comprising ingenol-3-angelate and a pharmaceutically acceptable solvent, wherein the pharmaceutical formulation retains specified amounts of ingenol-3-angelate under certain duration and temperature conditions.

**ANSWER:** The '292 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 78 of the Complaint.

79. On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol-3-angelate and a pharmaceutically acceptable solvent, wherein the pharmaceutical formulation retains specified amounts of ingenol-3-angelate at certain duration and temperature conditions.

**ANSWER:** Defendants deny the allegations in Paragraph 79 of the Complaint.

80. On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80 of the Complaint, and on that basis deny such allegations.

81. On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates. Actavis will therefore infringe one or more claims of the '292 Patent under 35 U.S.C. § 271(a).

**ANSWER:** Defendants deny the allegations in Paragraph 81 of the Complaint.

82. On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '292 Patent expires will infringe, contribute to the infringement of and/or induce the infringement of one or more claims of the '292 Patent under one or more of 35 U.S.C. §§ 271 (a), (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 82 of the Complaint.

83. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '292 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 83 of the Complaint.

84. LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 84 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 84 of the Complaint.

85.     This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 85 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 85 of the Complaint.

**RESPONSE TO
COUNT 5
(Infringement of the '827 Patent)**

86.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

87.     On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 87 of the Complaint.

88.     Actavis has infringed the '827 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '827 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     The '827 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '827 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 89 of the Complaint.

90.     On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would directly infringe, and/or would actively induce and/or contribute to infringement of the '827 Patent. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to third parties including resellers, pharmacies, hospitals and other clinics. Accordingly, unless enjoined by this Court, upon FDA approval of the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '827 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Actavis had actual and constructive notice of the '827 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '827 Patent would constitute an act of infringement of the '827 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '827 Patent prior to submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the remaining allegations in Paragraph 92 of the Complaint.

93.     On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '827 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '827 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '827 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 94 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 94 of the Complaint.

**RESPONSE TO**
**COUNT 6**
**(Declaratory Judgment of Infringement of the '827 Patent)**

95.     LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

96.     LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 96 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 96 of the Complaint.

97.     The '827 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '827 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 97 of the Complaint.

98.     On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 98 of the Complaint.

99. On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Complaint, and on that basis deny such allegations.

100. On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates. Actavis will therefore infringe one or more claims of the '827 Patent under 35 U.S.C. § 271(a).

**ANSWER:** Defendants deny the allegations in Paragraph 100 of the Complaint.

101. On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '827 Patent expires will infringe, contribute to the infringement of and/or induce the infringement of one or more claims of the '827 Patent under one or more of 35 U.S.C. §§ 271 (a), (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 101 of the Complaint.

102. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '827 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 102 of the Complaint.

103. LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 103 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 103 of the Complaint.

104. This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 104 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 104 of the Complaint.

**RESPONSE TO**
**COUNT 7**
**(Infringement of the '828 Patent)**

105. LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

106. On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 106 of the Complaint.

107. Actavis has infringed the '828 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '828 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 107 of the Complaint.

108. The '828 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '828 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 108 of the Complaint.

109. On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 109 of the Complaint.

110. Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would directly infringe, and/or would actively induce and/or contribute to infringement of the '828 Patent. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to third parties including resellers, pharmacies, hospitals and other clinics. Accordingly, unless enjoined by this Court, upon FDA approval of the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '828 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Actavis had actual and constructive notice of the '828 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '828 Patent would constitute an act of infringement of the '828 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '828 Patent prior to

submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the

remaining allegations in Paragraph 111 of the Complaint.

112. On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '828 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '828 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 112 of the Complaint.

113. LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '828 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 113 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 113 of the Complaint.

**RESPONSE TO**
**COUNT 8**
**(Declaratory Judgment of Infringement of the '828 Patent)**

114.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

115.    LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201and 2202.

**ANSWER:** Paragraph 115 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 115 of the Complaint.

116.    The '828 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '828 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 116 of the Complaint.

117.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 117 of the Complaint.

118.    On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and

208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of

Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

118 of the Complaint, and on that basis deny such allegations.

119.    On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates. Actavis will therefore infringe one or more claims of the '828 Patent under 35 U.S.C. § 271(a).

**ANSWER:** Defendants deny the allegations in Paragraph 119 of the Complaint.

120.    On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '828 Patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '828 Patent under one or more of 35 U.S.C. §§ 271 (a), (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 120 of the Complaint.

121.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '828 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 121 of the Complaint.

122.    LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 122 of the Complaint contains conclusions of law to which no

answer is required. To the extent an answer is required, Defendants deny the allegations in

Paragraph 122 of the Complaint.

123.    This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 123 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 123 of the Complaint.

**RESPONSE TO**
**COUNT 9**
**(Infringement of the '919 Patent)**

124.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

125.    On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 125 of the Complaint.

126.    Actavis has infringed the '919 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '919 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 126 of the Complaint.

127.    The '919 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '919 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 127 of the Complaint.

128.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 128 of the Complaint.

129.    Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would directly infringe, and/or would actively induce and/or contribute to infringement of, the '919 Patent. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to third parties including resellers, pharmacies, hospitals and other clinics. Accordingly, unless enjoined by this Court, upon FDA approval of the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '919 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 129 of the Complaint.

130.    Actavis had actual and constructive notice of the '919 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '919 Patent would constitute an act of infringement of the '919 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '919 Patent prior to

submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the

remaining allegations in Paragraph 130 of the Complaint.

131.    On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '919 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '919 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 131 of the Complaint.

132.    LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '919 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 132 of the Complaint contains conclusions of law to which no

answer is required. To the extent an answer is required, Defendants deny the allegations in

Paragraph 132 of the Complaint.

## RESPONSE TO
## COUNT 10
**(Declaratory Judgment of Infringement of the '919 Patent)**

133.　LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

134.　LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 134 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 134 of the Complaint.

135.　The '919 Patent includes claims that recite a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '919 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 135 of the Complaint.

136.　On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 136 of the Complaint.

137.　On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Complaint, and on that basis deny such allegations.

138.     On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates. Actavis will therefore infringe one or more claims of the '919 Patent under 35 U.S.C. § 271(a).

**ANSWER:** Defendants deny the allegations in Paragraph 138 of the Complaint.

139.     On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '919 Patent expires will infringe, contribute to the infringement of, and/or induce the infringement of one or more claims of the '919 Patent under one or more of 35 U.S.C. §§ 271 (a), (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 139 of the Complaint.

140.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '919 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 140 of the Complaint.

141.     LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 141 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 141 of the Complaint.

142.     This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 142 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 142 of the Complaint.

**RESPONSE TO**

## COUNT 11
### (Infringement of the '163 Patent)

143.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

144.    On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 144 of the Complaint.

145.    Actavis has infringed the '163 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '163 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 145 of the Complaint.

146.    The '163 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '163 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 146 of the Complaint.

147.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 147 of the Complaint.

148.    Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would actively induce and/or contribute to infringement of the '163 Patent. Accordingly, unless enjoined by this Court, upon FDA approval the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products

within the United States, or will import Actavis' ANDA Products into the United States, and will thereby induce infringement and/or contribute to the infringement of one or more claims of the '163 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 148 of the Complaint.

149.    Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Actavis' ANDA Products. On information and belief, Actavis will also knowingly and intentionally accompany Actavis' ANDA Products with product labels and product inserts that will include instructions for using and administering Actavis' ANDA Products. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Accordingly, Actavis will induce health care professionals, resellers, pharmacies, and end users of Actavis' ANDA Products to directly infringe one or more claims of the '163 Patent. In addition, on information and belief, Actavis will encourage acts of direct infringement with knowledge of the '163 Patent and knowledge that they are encouraging infringement.

**ANSWER:** To the extent that Paragraph 149 of the Complaint contains allegations about Defendants' future actions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint, and on that basis deny such allegations. Defendants deny the remaining allegations in Paragraph 149 of the Complaint.

150.    Actavis had actual and constructive notice of the '163 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '163 Patent would constitute an act of infringement of the '163 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '163 Patent prior to submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the remaining allegations in Paragraph 150 of the Complaint.

151.    On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '163 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '163 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 151 of the Complaint.

152.    LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '163 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 152 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 152 of the Complaint.

**RESPONSE TO**
**COUNT 12**
**(Declaratory Judgment of Infringement of the '163 Patent)**

153.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

154.    LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 154 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 154 of the Complaint.

155.    The '163 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '163 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 155 of the Complaint.

156.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 156 of the Complaint.

157. On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 157 of the Complaint, and on that basis deny such allegations.

158. On information and belief, Actavis knows that health care professionals or patients will use Actavis' ANDA Products in accordance with the labeling sought by the Actavis ANDAs. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Therefore, Actavis will contribute to the infringement of and/or induce the infringement of one or more claims of the '163 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 158 of the Complaint.

159. On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '163 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '163 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 159 of the Complaint.

160. As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '163 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 160 of the Complaint.

161. LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 161 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 161 of the Complaint.

162. This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 162 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 162 of the Complaint.

### RESPONSE TO
### COUNT 13
### (Infringement of the '271 Patent)

163. LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

164. On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 164 of the Complaint.

165. Actavis has infringed the '271 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '271 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 165 of the Complaint.

166. The '271 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the

ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '271 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 166 of the Complaint.

167. On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 167 of the Complaint.

168. Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would induce and/or contribute to infringement of the '271 Patent. Accordingly, unless enjoined by this Court, upon FDA approval the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby induce infringement and/or contribute to the infringement of one or more claims of the '271 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 168 of the Complaint.

169. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Actavis' ANDA Products. On information and belief, Actavis will also knowingly and intentionally accompany Actavis' ANDA Products with product labels and product inserts that will include instructions for using and administering Actavis' ANDA Products. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Accordingly, Actavis will induce health care professionals, resellers, pharmacies, and end users of Actavis' ANDA Products to directly infringe one or more claims of the '271 Patent. In addition, on information and belief, Actavis will encourage acts of direct infringement with knowledge of the '271 Patent and knowledge that they are encouraging infringement.

**ANSWER:** To the extent that Paragraph 169 of the Complaint contains allegations about Defendants' future actions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint, and on that basis deny such allegations. Defendants deny the remaining allegations in Paragraph 169 of the Complaint.

170. Actavis had actual and constructive notice of the '271 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA

approval prior to the expiration of the '271 Patent would constitute an act of infringement of the '271 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '271 Patent prior to submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the remaining allegations in Paragraph 170 of the Complaint.

171.    On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '271 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '271 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 171 of the Complaint.

172.    LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '271 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 172 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 172 of the Complaint.

**RESPONSE TO**
**COUNT 14**
**(Declaratory Judgment of Infringement of the '271 Patent)**

173.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

174.    LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 174 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 174 of the Complaint.

175.    The '271 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '271 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 175 of the Complaint.

176.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 176 of the Complaint.

177.    On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and 208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 177 of the Complaint, and on that basis deny such allegations.

178.    On information and belief, Actavis knows that health care professionals or patients will use Actavis' ANDA Products in accordance with the labeling sought by the Actavis ANDAs. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Therefore, Actavis will contribute to the infringement of and/or induce the infringement of one or more claims of the '271 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 178 of the Complaint.

179.    On information and belief, Actavis' infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct before the '271 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '271 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 179 of the Complaint.

180.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between LEO and Actavis concerning liability for the infringement of the '271 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 180 of the Complaint.

181.    LEO will be substantially and irreparably harmed by Actavis' infringing activities unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 181 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 181 of the Complaint.

182.    This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 182 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 182 of the Complaint.

## RESPONSE TO
## COUNT 15
### (Infringement of the '375 Patent)

183.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

184. On information and belief, Actavis has submitted or caused the submission of the Actavis ANDAs to FDA, and continues to seek FDA approval of the Actavis ANDAs.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants further admit that Actavis UT intends to seek FDA approval of ANDA No. 209086 and ANDA No. 208807. Defendants deny the remaining allegations in Paragraph 184 of the Complaint.

185. Actavis has infringed the '375 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Actavis ANDAs with Paragraph IV certifications and seeking FDA approval of the Actavis ANDAs prior to the expiration of the '375 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 185 of the Complaint.

186. The '375 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '375 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 186 of the Complaint.

187. On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 187 of the Complaint.

188. Actavis' commercial manufacture, use, sale offer for sale, or importation into the United States of Actavis' ANDA Products would actively induce and/or contribute to infringement of the '375 Patent. Accordingly, unless enjoined by this Court, upon FDA approval the Actavis ANDAs, Actavis will make, use, offer to sell, or sell Actavis' ANDA Products within the United States, or will import Actavis' ANDA Products into the United States, and will thereby induce infringement and/or contribute to the infringement of one or more claims of the '375 Patent.

**ANSWER:** Defendants deny the allegations in Paragraph 188 of the Complaint.

189. Upon information and belief, upon FDA approval of the Actavis ANDAs, Actavis will market and distribute Actavis' ANDA Products to resellers, pharmacies, hospitals and other clinics, health care professionals, and end users of Actavis' ANDA Products. On information and belief, Actavis will also knowingly and intentionally accompany Actavis' ANDA Products with

product labels and product inserts that will include instructions for using and administering Actavis' ANDA Products. On information and belief, the product labels and product inserts accompanying Actavis' ANDA Products will include instructions that are substantially similar to the instructions found in the prescribing information for PICATO®, attached as Exhibit A. Accordingly, Actavis will induce health care professionals, resellers, pharmacies, and end users of Actavis' ANDA Products to directly infringe one or more claims of the '375 Patent. In addition, on information and belief, Actavis will encourage acts of direct infringement with knowledge of the '375 Patent and knowledge that they are encouraging infringement.

**ANSWER:** To the extent that Paragraph 189 of the Complaint contains allegations about Defendants' future actions, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint, and on that basis deny such allegations. Defendants deny the remaining allegations in Paragraph 189 of the Complaint.

190. Actavis had actual and constructive notice of the '375 Patent prior to filing the Actavis ANDAs, and was aware that the filing of the Actavis ANDAs with the request for FDA approval prior to the expiration of the '375 Patent would constitute an act of infringement of the '375 Patent.

**ANSWER:** Defendants admit that Actavis UT was aware of the '375 Patent prior to submitting ANDA No. 209086 and ANDA No. 208807 to the FDA. Defendants deny the remaining allegations in Paragraph 190 of the Complaint.

191. On information and belief, Actavis filed the Actavis ANDAs without adequate justification for asserting the '375 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of Actavis' ANDA Products. Actavis' conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '375 Patent renders this case "exceptional" as that term is set forth in 35 U.S.C. § 285.

**ANSWER:** Defendants deny the allegations in Paragraph 191 of the Complaint.

192. LEO will be irreparably harmed if Actavis is not enjoined from infringing, and from actively inducing and/or contributing to the infringement of, the '375 Patent. LEO does not have an adequate remedy at law, and considering the balance of hardships between LEO and Actavis, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**ANSWER:** Paragraph 192 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 192 of the Complaint.

**RESPONSE TO**
**COUNT 16**
**(Declaratory Judgment of Infringement of the '375 Patent)**

193.    LEO incorporates by reference each of the preceding paragraphs as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their responses to the allegations in the preceding paragraphs as if fully set forth herein.

194.    LEO's claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Paragraph 194 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 194 of the Complaint.

195.    The '375 Patent includes claims that recite methods of administering a pharmaceutical formulation comprising ingenol angelate, wherein a specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has a specified pH range.

**ANSWER:** The '375 Patent speaks for itself. Defendants deny the remaining allegations in Paragraph 195 of the Complaint.

196.    On information and belief, Actavis' ANDA Products contain a pharmaceutical formulation comprising ingenol angelate, wherein the specified quantity of the ingenol angelate is ingenol-3-angelate, and said pharmaceutical formulation has the specified pH range.

**ANSWER:** Defendants deny the allegations in Paragraph 196 of the Complaint.

197.    On information and belief, if the Actavis ANDAs are approved, Actavis' ANDA Products will be made, offered for sale, sold, or otherwise distributed in the United States, including in the State of Delaware, by or through Actavis and its affiliates.

**ANSWER:** Defendants admit that Actavis UT submitted ANDA Nos. 209086 and

208807 to the FDA seeking approval to engage in the commercial manufacture, use or sale of

Ingenol Mebutate Gel, 0.05% and 0.015% in the United States. Defendants lack knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

197 of the Complaint, and on that basis deny such allegations.

198.   On information and belief, Actavis knows that health care professionals or
patients will use Actavis' ANDA Products in accordance with the labeling sought by the Actavis
ANDAs. On information and belief, the product labels and product inserts accompanying
Actavis' ANDA Products will include instructions that are substantially similar to the
instructions found in the prescribing information for PICATO®, attached as Exhibit A.
Therefore, Actavis will contribute to the infringement of and/or induce the infringement of one
or more claims of the '375 Patent under one or more of 35 U.S.C. §§ 271 (b) and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 198 of the Complaint.

199.   On information and belief, Actavis' infringing activity, including the commercial
manufacture, use, offer to sell, sale, or importation of Actavis' ANDA Products complained of
herein, will begin immediately after the FDA approves the Actavis ANDAs. Any such conduct
before the '375 Patent expires will contribute to the infringement of and/or induce the
infringement of one or more claims of the '375 Patent under one or more of 35 U.S.C. §§ 271 (b)
and (c).

**ANSWER:** Defendants deny the allegations in Paragraph 199 of the Complaint.

200.   As a result of the foregoing facts, there is a real, substantial, and continuing
justiciable controversy between LEO and Actavis concerning liability for the infringement of the
'375 Patent for which this Court may grant declaratory relief consistent with Article III of the
United States Constitution.

**ANSWER:** Defendants deny the allegations in Paragraph 200 of the Complaint.

201.   LEO will be substantially and irreparably harmed by Actavis' infringing activities
unless those activities are enjoined by this Court. LEO has no adequate remedy at law.

**ANSWER:** Paragraph 201 of the Complaint contains conclusions of law to which no

answer is required. To the extent an answer is required, Defendants deny the allegations in

Paragraph 201 of the Complaint.

202. This case is exceptional, and LEO is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** Paragraph 202 of the Complaint contains conclusions of law to which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 202 of the Complaint.

**RESPONSE TO**
**PRAYER FOR RELIEF**

WHEREFORE, Defendants deny that LEO is entitled to the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth in its Answer or to its ability to seek and allege any and all defenses not presently known or that are revealed during the course of discovery, Defendants assert the following affirmative defenses in response to the Complaint.

**First Affirmative Defense**

The claims of the Patents-in-Suit are invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including §§ 102, 103, 112 and/or the judicial doctrine barring obviousness-type double-patenting.

**Second Affirmative Defense**

Defendants have not infringed, are not infringing, and will not infringe, literally or under the doctrine of equivalents, either directly or by contribution or inducement, any valid and enforceable claim of the Patents-in-Suit.

**Third Affirmative Defense**

LEO's purported claims are barred because they fail to state a claim upon which relief can be granted.

### FourthAffirmative Defense

LEO is barred by 35 U.S.C. § 288 from recovering costs associated with this suit.

### Fifth Affirmative Defense

Plaintiffs may not seek injunctive relief against Defendants because Plaintiffs' alleged damages are not immediate or irreparable, and Plaintiffs therefore have an adequate remedy at law.

### Sixth Affirmative Defense

Defendants reserve the right to allege additional affirmative defenses as they become known through the course of discovery.

**WHEREFORE**, Actavis prays that this Court:

A. Enter an order dismissing the Complaint, with prejudice, and denying Plaintiffs the relief requested in the Complaint and any relief whatsoever;

B. Deny Plaintiffs any award of damages, costs, or fees;

C. Declare this case exceptional and award Actavis reasonable attorneys' fees;

D. Award Actavis its costs; and

E. Grant such other and further relief as this Court may deem just.

---

## COUNTERCLAIMS

Without admitting any of the allegations of LEO Pharma A/S ("LEO Pharma"), LEO

Laboratories Limited ("LEO Labs"), and LEO Pharma, Inc. ("LEO, Inc.") (collectively, "LEO")

other than those expressly admitted herein, and without prejudice to the right of Actavis

Laboratories UT, Inc. ("Actavis UT") and Actavis, Inc. ("Actavis, Inc.") (collectively,

"Actavis") to plead additional Counterclaims as the facts of the matter warrant, Actavis hereby

asserts the following Counterclaims against LEO:

## NATURE OF THE ACTION

1.      These Counterclaims seek a declaratory judgment that ANDA No. 209086 and

ANDA No. 208807 do not infringe any valid and enforceable claim of U.S. Patent No.7,410,656

("the '656 Patent"), U.S. Patent No. 8,278,292 ("the '292 Patent"), U.S. Patent No.8,372,827

("the '827 Patent"), U.S. Patent No. 8,372,828 ("the '828 Patent"), U.S. Patent No. 8,377,919

("the '919 Patent"), U.S. Patent No. 8,536,163 ("the '163 Patent"), U.S. Patent No. 8,716,271

("the '271 Patent"), and U.S. Patent No. 8,735,375 ("the '375 Patent") (collectively, "the

Patents-in-Suit"), and that each and every claim of the Patents-in-Suit is invalid for failure to

satisfy one or more provisions of Title 35 of the United States Code, including but not limited to

35 U.S.C. §§ 102, 103, and 112.

## THE PARTIES

2.      Actavis, Inc. is a corporation organized and existing under the laws of the State of

Nevada, with a place of business at Morris Corporate Center III, 400 Interpace Parkway,

Parsippany, New Jersey 07054.

3.      Actavis UT is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 577 S. Chipeta Way, Salt Lake City, Utah 84108. Actavis UT is a wholly owned subsidiary of Actavis, Inc.

4.      Upon information and belief and based on the allegations in the Complaint, LEO Pharma is a company organized and existing under the laws of Denmark with its headquarters at Industriparken 55, DK-2750 Ballerup, Denmark.

5.      Upon information and belief and based on the allegations in the Complaint, LEO Labs is a company organized and existing under the laws of Ireland with its headquarters at 285 Cashel Road, Dublin 12, Ireland. Upon information and belief, LEO Labs is a wholly owned subsidiary of LEO Pharma.

6.      Upon information and belief and based on the allegations in the Complaint, LEO, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Sylvan Way, Parsippany, NJ 07054. Upon information and belief, LEO, Inc. is a wholly owned subsidiary of LEO Pharma.

7.      This Court has personal jurisdiction over LEO Pharma, LEO Labs, and LEO, Inc. because each LEO Defendant has availed itself of the legal protections of the State of Delaware by voluntarily submitting to and employing the jurisdiction of this Court as a plaintiff in this matter as well as in *LEO Pharma A/S et al. v. Perrigo UK Finco Limited Partnership et al.*, Case No. 1:16-cv-00430-UNA (D. Del. filed June 10, 2016).

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because LEO Pharma, LEO Labs, and LEO, Inc. have voluntarily submitted to the jurisdiction of the Court in this matter.

# FACTUAL BACKGROUND

9.   According to the United States Food & Drug Administration ("FDA") publication entitled *Approved Drug Products and Therapeutic Equivalence Evaluations* (the "Orange Book"), LEO Pharma holds approved New Drug Application ("NDA") No. 202833 for ingenol mebutate gel, 0.015% and 0.05%, marketed under the trade name PICATO®.

10.   NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

11.   Upon information and belief, and as stated in Paragraph 25 of LEO's Complaint in this matter, LEO Labs is the owner of, and has the right to enforce, the Patents-in-Suit.

12.   Upon information and belief, one or more of the LEO Defendants caused the Patents-in-Suit to be listed in the Orange Book as patents that claim PICATO® or methods of using PICATO®.

13.   Actavis UT has submitted ANDA No. 209086 and ANDA No. 208807 to the FDA, seeking approval to engage in the commercial manufacture, use or sale of ingenol mebutate gel, 0.015% and 0.05% prior to the expiration of the Patents-in-Suit.

14.   ANDA No. 209086 and ANDA No. 208807 contained Paragraph IV Certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of ingenol mebutate gel, 0.015% and 0.05%.

15.   On or around March 25, 2016, Actavis UT sent LEO a notice letter providing notice of Actavis UT's submission of ANDA No. 208807 to the FDA ("the 0.015% Notice Letter"). Also on or around March 25, 2016, Actavis UT sent LEO a notice letter providing

notice of Actavis UT's submission of ANDA No. 209086 to the FDA ("the 0.05% Notice Letter"). The 0.015% Notice Letter and the 0.05% Notice Letter both contained notifications of Actavis UT's Paragraph IV Certifications to the FDA that the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of ingenol mebutate gel, 0.015% and 0.05%.

16.     On or around May 6, 2016, LEO filed this lawsuit alleging that Actavis infringes the Patents-in-Suit.

## COUNT 1
### (Declaratory Judgment of Invalidity of U.S. Patent No.7,410,656)

17.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

18.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '656 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '656 Patent.

19.     Each and every claim of the '656 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

20.     The alleged invention of the '656 Patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the '656 Patent.

21.     The alleged inventions of the '656 Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the '656 Patent in the United States.

22.     The '656 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

23.     The alleged invention of the '656 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '656 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '656 Patent and would have had a reasonable expectation of success in doing so.

24.     The subject matter claimed in the '656 Patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

25.     The '656 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

26.     The '656 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the

alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

27.     The claims of the '656 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

28.     Actavis is entitled to a judicial declaration that all claims of the '656 Patent are invalid.

## COUNT 2
### (Declaratory Judgment of Noninfringement of U.S. Patent No.7,410,656)

29.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

30.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '656 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

31.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '656 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

32.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '656 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of

ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '656 Patent.

## COUNT 3
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,278,292)

33.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

34.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '292 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '292 Patent.

35.     Each and every claim of the '292 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

36.     The '292 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

37.     The alleged invention of the '292 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '292 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '292 Patent and would have had a reasonable expectation of success in doing so.

38.     The subject matter claimed in the '292 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention

was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

39.     The '292 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

40.     The '292 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

41.     The claims of the '292 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

42.     Actavis is entitled to a judicial declaration that all claims of the '292 Patent are invalid.

## COUNT 4
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,278,292)

43.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

44.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the

United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '292 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

45.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '292 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

46.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '292 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '292 Patent.

## COUNT 5
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,372,827)

47.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

48.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '827 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '827 Patent.

49.     Each and every claim of the '827 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

50.     The '827 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

51.     The alleged invention of the '827 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '827 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '827 Patent and would have had a reasonable expectation of success in doing so.

52.     The subject matter claimed in the '827 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

53.     The '827 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

54.     The '827 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

55.     The claims of the '827 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not

particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

56. Actavis is entitled to a judicial declaration that all claims of the '827 Patent are invalid.

## COUNT 6
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,372,827)

57. Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

58. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '827 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

59. Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '827 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

60. Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '827 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '827 Patent.

## COUNT 7
## (Declaratory Judgment of Invalidity of U.S. Patent No. 8,372,828)

61.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

62.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '828 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '828 Patent.

63.     Each and every claim of the '828 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

64.     The '828 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

65.     The alleged invention of the '828 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '828 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '828 Patent and would have had a reasonable expectation of success in doing so.

66.     The subject matter claimed in the '828 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

67. The '828 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

68. The '828 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

69. The claims of the '828 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

70. Actavis is entitled to a judicial declaration that all claims of the '828 Patent are invalid.

## COUNT 8
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,372,828)

71. Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

72. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will

infringe any valid and enforceable claim of the '828 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

73.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '828 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

74.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '828 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '828 Patent.

## COUNT 9
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,377,919)

75.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

76.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '919 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '919 Patent.

77.     Each and every claim of the '919 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

78.     The '919 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

79.     The alleged invention of the '919 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '919 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '919 Patent and would have had a reasonable expectation of success in doing so.

80.     The subject matter claimed in the '919 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

81.     The '919 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

82.     The '919 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

83.     The claims of the '919 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not

particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

84.     Actavis is entitled to a judicial declaration that all claims of the '919 Patent are invalid.

## COUNT 10
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,377,919)

85.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

86.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '919 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

87.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '919 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

88.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '919 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '919 Patent.

## COUNT 11
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,536,163)

89.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

90.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '163 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '163 Patent.

91.     Each and every claim of the '163 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

92.     The '163 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

93.     The alleged invention of the '163 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '163 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '163 Patent and would have had a reasonable expectation of success in doing so.

94.     The subject matter claimed in the '163 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

95.     The '163 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

96.     The '163 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

97.     The claims of the '163 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

98.     Actavis is entitled to a judicial declaration that all claims of the '163 Patent are invalid.

## COUNT 12
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,536,163)

99.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

100.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will

infringe any valid and enforceable claim of the '163 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

101.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '163 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

102.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '163 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '163 Patent.

## COUNT 13
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,716,271)

103.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

104.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '271 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '271 Patent.

105.     Each and every claim of the '271 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

106.     The '271 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

107.    The alleged invention of the '271 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '271 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '271 Patent and would have had a reasonable expectation of success in doing so.

108.    The subject matter claimed in the '271 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

109.    The '271 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

110.    The '271 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

111.    The claims of the '271 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not

particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

112.     Actavis is entitled to a judicial declaration that all claims of the '271 Patent are invalid.

### COUNT 14
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,716,271)

113.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

114.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '271 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

115.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '271 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

116.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '271 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '271 Patent.

## COUNT 15
## (Declaratory Judgment of Invalidity of U.S. Patent No. 8,735,375)

117.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

118.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '375 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '375 Patent.

119.    Each and every claim of the '375 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

120.    The '375 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

121.    The alleged invention of the '375 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '375 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '375 Patent and would have had a reasonable expectation of success in doing so.

122.    The subject matter claimed in the '375 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

123. The '375 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

124. The '375 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

125. The claims of the '375 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

126. Actavis is entitled to a judicial declaration that all claims of the '375 Patent are invalid.

## COUNT 16
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,735,375)

127. Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

128. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will

infringe any valid and enforceable claim of the '375 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

129.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '375 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

130.    Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '375 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '375 Patent.

## PRAYER FOR RELIEF

Wherefore, Actavis respectfully requests that this Court enter judgment against LEO and issue an order:

a.      Dismissing LEO's Complaint with prejudice and denying each request for relief made by LEO therein;

b.      Declaring all claims of the Patents-in-Suit (the '656, '292, '827, '828, '919, '163, '271, and '375 Patents) invalid;

c.      Declaring that the filing of the ANDA No. 209086 and ANDA No. 208807 has not infringed and does not infringe any valid and enforceable claim, if any, of the Patents-in-Suit (the '656, '292, '827, '828, '919, '163, '271, and '375 Patents);

d.      Declaring that Actavis, Inc. has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim, if any,

either directly or under the doctrine of equivalents, of the Patents-in-Suit (the '656, '292, '827, '828, '919, '163, '271, and '375 Patents);

e.      Declaring that Actavis UT has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim, if any, either directly or under the doctrine of equivalents, of the Patents-in-Suit (the '656, '292, '827, '828, '919, '163, '271, and '375 Patents);

f.      Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% does not, and would not, if marketed, directly or indirectly infringe any valid and enforceable claim, if any, of the Patents-in-Suit (the '656, '292, '827, '828, '919, '163, '271, and '375 Patents);

g.      Declaring that this case is an exceptional case in favor of Actavis pursuant to 35 U.S.C. § 285;

h.      Declaring Actavis the prevailing party and awarding costs and attorney fees to Actavis;

i.      Awarding Actavis such other and further relief as the Court deems just and equitable.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Robert M. Vrana*

_____

Melanie K. Sharp (No. 2501)
James L. Higgins (No. 5021)
Robert M. Vrana (No. 5666)
1000 North King Street
Wilmington, DE 19801
(302) 571-6681
msharp@ycst.com
jhiggins@ycst.com
rvrana@ycst.com

HAYNES AND BOONE, LLP
Kyle Musgrove
Scott Cunning
Yongjin Zhu
800 17th Street, Suite 500
Washington, D.C. 20006
kyle.musgrove@haynesboone.com

Thomas B. King
Martin M. Ellison
600 Anton Blvd., Suite 700
Costa Mesa, CA 92626
thomas.king@haynesboone.com
martin.ellison@haynesboone.com

Stephanie Sivinski
2323 Victory Avenue, Suite 700
Dallas, TX 75219
stephanie.sivinski@haynesboone.com

Dated: June 27, 2016       *Attorneys for Actavis Laboratories UT, Inc. and Actavis, Inc.*

01:18847813.1