IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, and LEO PHARMA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 16-333 (SLR) |
| ACTAVIS LABORATORIES UT, INC. and ACTAVIS, INC., | ) ) ) | |
| Defendants. | ) ) | |

**LEO'S ANSWER TO COUNTERCLAIMS OF ACTAVIS DEFENDANTS**

Plaintiffs/Counterdefendants LEO Pharma A/S ("LEO Pharma"), LEO Laboratories Limited ("LEO Labs"), and LEO Pharma, Inc. ("LEO, Inc.") (collectively, "LEO"), by their attorneys, and for their answer to the Counterclaims filed on June 27, 2016 (D.I. 9) by Defendants/Counterplaintiffs Actavis Laboratories UT, Inc. ("Actavis UT") and Actavis, Inc. ("Actavis, Inc.") (collectively, "Actavis") state as follows:

**RESPONSE TO "NATURE OF THE ACTION"**

1.      These Counterclaims seek a declaratory judgment that ANDA No. 209086 and ANDA No. 208807 do not infringe any valid and enforceable claim of U.S. Patent No. 7,410,656 ("the '656 Patent"), U.S. Patent No. 8,278,292 ("the '292 Patent"), U.S. Patent No. 8,372,827 ("the '827 Patent"), U.S. Patent No. 8,372,828 ("the '828 Patent"), U.S. Patent No. 8,377,919 ("the '919 Patent"), U.S. Patent No. 8,536,163 ("the '163 Patent"), U.S. Patent No. 8,716,271 ("the '271 Patent"), and U.S. Patent No. 8,735,375 ("the '375 Patent") (collectively, "the Patents-in-Suit"), and that each and every claim of the Patents-in-Suit is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**ANSWER**: Paragraph 1 is an introductory statement to which no response is required. To the extent a response is required, LEO admits that Actavis seeks declaratory judgments but denies that the counterclaims have any merit.

# RESPONSE TO "THE PARTIES"

2.     Actavis, Inc. is a corporation organized and existing under the laws of the State of Nevada, with a place of business at Morris Corporate Center III, 400 Interpace Parkway, Parsippany, New Jersey 07054.

**ANSWER**: Upon information and belief, admitted.

3.     Actavis UT is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 577 S. Chipeta Way, Salt Lake City, Utah 84108. Actavis UT is a wholly owned subsidiary of Actavis, Inc.

**ANSWER**: Upon information and belief, admitted.

4.     Upon information and belief and based on the allegations in the Complaint, LEO Pharma is a company organized and existing under the laws of Denmark with its headquarters at Industriparken 55, DK-2750 Ballerup, Denmark.

**ANSWER**: Admitted.

5.     Upon information and belief and based on the allegations in the Complaint, LEO Labs is a company organized and existing under the laws of Ireland with its headquarters at 285 Cashel Road, Dublin 12, Ireland. Upon information and belief, LEO Labs is a wholly owned subsidiary of LEO Pharma.

**ANSWER**: Admitted.

6.     Upon information and belief and based on the allegations in the Complaint, LEO, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 1 Sylvan Way, Parsippany, NJ 07054. Upon information and belief, LEO, Inc. is a wholly owned subsidiary of LEO Pharma.

**ANSWER**: Admitted.

7.     This Court has personal jurisdiction over LEO Pharma, LEO Labs, and LEO, Inc. because each LEO Defendant has availed itself of the legal protections of the State of Delaware by voluntarily submitting to and employing the jurisdiction of this Court as a plaintiff in this matter as well as in *LEO Pharma A/S et al. v. Perrigo UK Finco Limited Partnership et al.*, Case No. 1:16-cv-00430-UNA (D. Del. filed June 10, 2016).

**ANSWER**: Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, for the purposes of this action only, LEO does not contest personal jurisdiction in this Court.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because LEO Pharma, LEO Labs, and LEO, Inc. have voluntarily submitted to the jurisdiction of the Court in this matter.

**ANSWER**: Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, for the purposes of this action only, LEO does not contest that venue for these Counterclaims is proper in this District.

## RESPONSE TO "FACTUAL BACKGROUND"

9.     According to the United States Food & Drug Administration ("FDA") publication entitled *Approved Drug Products and Therapeutic Equivalence Evaluations* (the "Orange Book"), LEO Pharma holds approved New Drug Application ("NDA") No. 202833 for ingenol mebutate gel, 0.015% and 0.05%, marketed under the trade name PICATO®.

**ANSWER**: Admitted.

10.     NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or the method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

**ANSWER**: LEO incorporates by reference FDA's regulations regarding Orange Book listing, including 21 C.F.R. § 314.53, for a full and complete statement of FDA's treatment of Orange Book patent submissions. LEO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies the same.

11.     Upon information and belief, and as stated in Paragraph 25 of LEO's Complaint in this matter, LEO Labs is the owner of, and has the right to enforce, the Patents-in-Suit.

**ANSWER**: Admitted.

12.     Upon information and belief, one or more of the LEO Defendants caused the Patents-in-Suit to be listed in the Orange Book as patents that claim PICATO® or methods of using PICATO®.

**ANSWER**: Admitted.

13.     Actavis UT has submitted ANDA No. 209086 and ANDA No. 208807 to the FDA, seeking approval to engage in the commercial manufacture, use or sale of ingenol mebutate gel, 0.015% and 0.05% prior to the expiration of the Patents-in-Suit.

**ANSWER**: LEO admits it received a letter, dated March 25, 2016 and purportedly signed by an Executive Director for Regulatory Affairs at Actavis UT, stating that Actavis UT submitted an ANDA to FDA seeking approval to engage in the commercial manufacture, use, or sale of ingenol mebutate gel, 0.015% prior to the expiration of the Patents-in-Suit and that the ANDA was assigned No. 208807. LEO further admits it received a letter, dated March 25, 2016 and purportedly signed by an Executive Director for Regulatory Affairs at Actavis UT, stating that Actavis UT submitted an ANDA to FDA seeking approval to engage in the commercial manufacture, use, or sale of ingenol mebutate gel, 0.05% prior to the expiration of the Patents-in-Suit and that the ANDA was assigned No. 209086. LEO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies the same.

14.     ANDA No. 209086 and ANDA No. 208807 contained Paragraph IV Certifications under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use or sale of ingenol mebutate gel, 0.015% and 0.05%.

**ANSWER**: LEO admits it received a letter, dated March 25, 2016 and purportedly signed by an Executive Director for Regulatory Affairs at Actavis UT, stating that Actavis UT submitted an ANDA to FDA that was assigned No. 208807. LEO further admits it received a letter, dated March 25, 2016 and purportedly signed by an Executive Director for Regulatory Affairs at Actavis UT, stating that Actavis UT submitted an ANDA to FDA that was assigned No. 209086. LEO admits that both notice letters state that Actavis UT certified to the FDA under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that in Actavis UT's opinion the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of the proposed generic drugs described in Actavis UT's purported ANDAs. LEO lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies the same.

15.    On or around March 25, 2016, Actavis UT sent LEO a notice letter providing notice of Actavis UT's submission of ANDA No. 208807 to the FDA ("the 0.015% Notice Letter"). Also on or around March 25, 2016, Actavis UT sent LEO a notice letter providing notice of Actavis UT's submission of ANDA No. 209086 to the FDA ("the 0.05% Notice Letter"). The 0.015% Notice Letter and the 0.05% Notice Letter both contained notifications of Actavis UT's Paragraph IV Certifications to the FDA that the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of ingenol mebutate gel, 0.015% and 0.05%.

**ANSWER**: LEO admits it received a letter, dated March 25, 2016 and purportedly signed by an Executive Director for Regulatory Affairs at Actavis UT, providing notice of Actavis UT's submission of ANDA No. 208807 to FDA. LEO further admits it received a notice letter, dated March 25, 2016 and purportedly signed by the Executive Director for Regulatory Affairs at Actavis UT, providing notice of Actavis UT's submission of ANDA No. 209086 to FDA. LEO admits that both notice letters state that Actavis UT certified to FDA that in Actavis UT's opinion the Patents-in-Suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, or sale of the proposed generic drugs described in Actavis UT's purported ANDAs. LEO lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and therefore denies the same.

16.    On or around May 6, 2016, LEO filed this lawsuit alleging that Actavis infringes the Patents-in-Suit.

**ANSWER**: Admitted.

## RESPONSE TO COUNT l
## (Declaratory Judgment of Invalidity of U.S. Patent No. 7,410,656)

17.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

18. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '656 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '656 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '656 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively induce and/or contribute to infringement of the '656 Patent in violation of 35 U.S.C. §§ 271 (b) and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 18 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

19. Each and every claim of the '656 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**ANSWER**: Denied.

20. The alleged invention of the '656 Patent was known or used by others in this country or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for the '656 Patent.

**ANSWER**: Denied.

21. The alleged inventions of the '656 Patent was patented or described in a printed publication in this or a foreign country more than one year prior to the date of the application for the '656 Patent in the United States.

**ANSWER**: Denied.

22. The '656 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

23.     The alleged invention of the '656 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '656 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '656 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

24.     The subject matter claimed in the '656 Patent fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

25.     The '656 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

26.     The '656 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

27.     The claims of the '656 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

28.     Actavis is entitled to a judicial declaration that all claims of the '656 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 2
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 7,410,656)

29.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

30.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '656 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'656 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively induce and/or contribute to infringement of the '656 Patent in

violation of 35 U.S.C. §§ 271 (b) and (c). Paragraph 30 further states a legal conclusion to which

no response is required. To the extent a response is required, LEO denies the remaining

allegations of this paragraph.

31.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '656 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

32.    Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '656 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '656 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 3
## (Declaratory Judgment of Invalidity of U.S. Patent No. 8,278,292)

33.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

34.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '292 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '292 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'292 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to

infringement of the '292 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). LEO further

admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph

34 further states a legal conclusion to which no response is required. To the extent a response is

required, LEO denies the remaining allegations of this paragraph.

35.     Each and every claim of the '292 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

36.     The '292 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

37.     The alleged invention of the '292 Patent does no more than combine familiar elements according to known methods to yield predictable results**.** Any alleged improvement over the prior art set forth in the '292 Patent is no more than the predictable use of prior art

elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '292 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

38.     The subject matter claimed in the '292 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

39.     The '292 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

40.     The '292 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

41.     The claims of the '292 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

42.     Actavis is entitled to a judicial declaration that all claims of the '292 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 4
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,278,292)

43.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

44. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '292 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '292 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '292 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). Paragraph 44 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

45. Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '292 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

46. Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '292 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '292 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 5
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,372,827)

47. Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

48. There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '827 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '827 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '827 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '827 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 48 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

49. Each and every claim of the '827 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

50. The '827 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

51. The alleged invention of the '827 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '827 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '827 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

52.    The subject matter claimed in the '827 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

53.    The '827 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

54.    The '827 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

55.    The claims of the '827 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

56.    Actavis is entitled to a judicial declaration that all claims of the '827 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 6
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,372,827)

57.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

58.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and

208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '827 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '827 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '827 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). Paragraph 58 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

59.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '827 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

60.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '827 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '827 Patent.

**ANSWER**: Denied.

**RESPONSE TO COUNT 7**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 8,372,828)**

61.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

62.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '828 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '828 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '828 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '828 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 62 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

63.     Each and every claim of the '828 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

64.     The '828 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

65.     The alleged invention of the '828 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '828 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '828 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

66.     The subject matter claimed in the '828 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention

was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

67.     The '828 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

68.     The '828 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

69.     The claims of the '828 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

70.     Actavis is entitled to a judicial declaration that all claims of the '828 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 8
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,372,828)

71.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

72.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will

infringe any valid and enforceable claim of the '828 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '828 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '828 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). Paragraph 72 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

73.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '828 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

74.    Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '828 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '828 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 9
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,377,919)

75.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

76.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '919 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '919 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '919 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '919 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 76 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

77.     Each and every claim of the '919 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

78.     The '919 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

79.     The alleged invention of the '919 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '919 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '919 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

80.     The subject matter claimed in the '919 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

81.     The '919 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

82.     The '919 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

83.     The claims of the '919 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

84.     Actavis is entitled to a judicial declaration that all claims of the '919 Patent are invalid.

**ANSWER**: Denied.

### RESPONSE TO COUNT 10
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,377,919)

85.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

86.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '919 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'919 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively infringe, induce the infringement of, and/or contribute to infringement of the '919 Patent in violation of 35 U.S.C. §§ 271 (a), (b), and (c). Paragraph 86 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

87.     Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '919 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

88.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '919 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '919 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 11
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,536,163)

89.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

90.     There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '163 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '163 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'163 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively induce and/or contribute to infringement of the '163 Patent in violation of 35 U.S.C. §§ 271 (b) and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 90 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

91.     Each and every claim of the '163 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

92.     The '163 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

93.     The alleged invention of the '163 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '163 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '163 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

94.     The subject matter claimed in the '163 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

95.     The '163 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

96.     The '163 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

97.     The claims of the '163 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

98.     Actavis is entitled to a judicial declaration that all claims of the '163 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 12
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,536,163)

99.     Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein**.**

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

100.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '163 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'163 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively induce and/or contribute to infringement of the '163 Patent in

violation of 35 U.S.C. §§ 271 (b) and (c). Paragraph 100 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

101.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '163 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

102.    Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '163 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '163 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 13
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,716,271)

103.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

104.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '271 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '271 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '271 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively induce and/or contribute to infringement of the '271 Patent in violation of 35 U.S.C. §§ 271 (b) and (c). LEO further admits that Actavis has asserted invalidity as an affirmative defense to LEO's claims. Paragraph 104 further states a legal conclusion to

which no response is required. To the extent a response is required, LEO denies the remaining

allegations of this paragraph.

105.     Each and every claim of the '271 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

106.     The '271 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

107.     The alleged invention of the '271 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '271 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '271 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

108.     The subject matter claimed in the '271 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

109.     The '271 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

110.     The '271 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

111.    The claims of the '271 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

112.    Actavis is entitled to a judicial declaration that all claims of the '271 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 14
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,716,271)

113.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph of its Complaint as if fully set forth herein.

114.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '271 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the '271 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and 208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale, or importation into the United States, of the proposed generic drug described in ANDA Nos. 209086 and 208807 would actively induce and/or contribute to infringement of the '271 Patent in violation of 35 U.S.C. §§ 271 (b) and (c). Paragraph 114 further states a legal conclusion to which no response is required. To the extent a response is required, LEO denies the remaining allegations of this paragraph.

115.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '271 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

116.    Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '271 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '271 Patent.

**ANSWER**: Denied.

## RESPONSE TO COUNT 15
### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,735,375)

117.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

118.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding the invalidity of the '375 Patent, based on LEO's allegations in its Complaint that Actavis has infringed or will infringe the '375 Patent.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'375 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively induce and/or contribute to infringement of the '375 Patent in

violation of 35 U.S.C. §§ 271 (b) and (c). LEO further admits that Actavis has asserted invalidity

as an affirmative defense to LEO's claims. Paragraph 118 further states a legal conclusion to

which no response is required. To the extent a response is required, LEO denies the remaining

allegations of this paragraph.

119.    Each and every claim of the '375 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 103 and 112.

**ANSWER**: Denied.

120.    The '375 Patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: Denied.

121.    The alleged invention of the '375 Patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '375 Patent is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '375 Patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

122.    The subject matter claimed in the '375 Patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge or such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

123.    The '375 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to enable any person skilled in the art to practice the full scope of the invention purported to be covered thereby.

**ANSWER**: Denied.

124.    The '375 Patent does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as required by the statutes of the United States to demonstrate to a person skilled in the art that the alleged inventors were in possession of the full scope of the subject matter of the claims contained therein.

**ANSWER**: Denied.

125.    The claims of the '375 Patent are invalid and void because they do not inform those skilled in the art about the scope of the invention with reasonable certainty and they do not

particularly point out and distinctly claim the subject matter of the claimed invention, as required by 35 U.S.C. § 112.

**ANSWER**: Denied.

126.    Actavis is entitled to a judicial declaration that all claims of the '375 Patent are invalid.

**ANSWER**: Denied.

## RESPONSE TO COUNT 16
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 8,735,375)

127.    Actavis realleges and incorporates by reference the allegations in Paragraphs 1-16 of these Counterclaims as if fully set forth herein.

**ANSWER**: LEO incorporates its answers to Paragraphs 1–16 above, and each paragraph

of its Complaint as if fully set forth herein.

128.    There is an actual, substantial, continuing, and justiciable controversy between Actavis and LEO regarding whether Actavis UT's submission of ANDA Nos. 209086 and 208807 and/or Actavis UT's manufacture, use, offer to sell, sale, and/or importation into the United States of ingenol mebutate gel, 0.015% and 0.05% infringes, has infringed, or will infringe any valid and enforceable claim of the '375 Patent either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: LEO admits that its Complaint includes claims that Actavis infringed the

'375 Patent under 35 U.S.C. § 271(e)(2)(A) by virtue of submitting ANDA Nos. 209086 and

208807 with Paragraph IV certifications and that Actavis' manufacture, use, sale, offer for sale,

or importation into the United States, of the proposed generic drug described in ANDA Nos.

209086 and 208807 would actively induce and/or contribute to infringement of the '375 Patent in

violation of 35 U.S.C. §§ 271 (b) and (c). Paragraph 128 further states a legal conclusion to

which no response is required. To the extent a response is required, LEO denies the remaining

allegations of this paragraph.

129.    Actavis has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '375 Patent either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: Denied.

130.     Actavis is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the '375 Patent either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of ingenol mebutate gel, 0.015% and 0.05% has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the '375 Patent.

**ANSWER**: Denied.

## RESPONSE TO "PRAYER FOR RELIEF"

LEO denies that Actavis is entitled to any of the relief it has requested or to any other relief.

LEO further denies each allegation contained in Actavis' Counterclaims that was not specifically admitted, denied or otherwise responded to in this Answer to Actavis' Counterclaims.

## <u>LEO'S PRAYER FOR RELIEF ON ACTAVIS' COUNTERCLAIMS</u>

WHEREFORE, LEO seeks the following relief:

A.     A judgment dismissing with prejudice Actavis' counterclaims and denying all relief sought by Actavis;

B.     An award to LEO of its costs and expenses in this action;

C.     The entry of judgment declaring that Actavis' acts render this an exceptional case, and awarding LEO attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

D.     An award to LEO of the relief requested in its Complaint; and

E.     Such further and other relief as this Court deems to be just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs LEO Pharma A/S, LEO Laboratories Limited and LEO Pharma, Inc.*

OF COUNSEL:

George F. Pappas
Jeffrey Lerner
COVINGTON & BURLING LLP
One City Center
850 Tenth Street NW
Washington DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
1 Front Street, Fl. 35
San Francisco, CA 94111
(415-591-6000)

July 21, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 21, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 21, 2016, upon the following in the manner indicated:

Melanie K. Sharp, Esquire                    *VIA ELECTRONIC MAIL*
James L. Higgins, Esquire
Robert M. Vrana, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendants*

Kyle Musgrove, Esquire                       *VIA ELECTRONIC MAIL*
Scott Cunning, Esquire
Yongjin Zhu, Esquire
HAYNES AND BOONE, LLP
800 17th Street, Suite 500
Washington, D.C.  20006
*Attorneys for Defendants*

Thomas B. King, Esquire                      *VIA ELECTRONIC MAIL*
Martin M. Ellison, Esquire
HAYNES AND BOONE, LLP
600 Anton Boulevard, Suite 700
Costa Mesa, CA  92626
*Attorneys for Defendants*

Stephanie Sivinski, Esquire                  *VIA ELECTRONIC MAIL*
HAYNES AND BOONE, LLP
2323 Victory Avenue, Suite 700
Dallas, TX  75219
*Attorneys for Defendants*


*/s/ Maryellen Noreika*
_____
Maryellen Noreika (#3208)