IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, AND LEO PHARMA, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ACTAVIS LABORATORIES UT, INC., AND ACTAVIS, INC.,<br><br>  Defendants. | Civil Action No. 1:16-cv-00333-SLR |
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, AND LEO PHARMA, INC.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PERRIGO UK FINCO LIMITED PARTNERSHIP AND PERRIGO COMPANY,<br><br>  Defendants. | Civil Action No. 1:16-cv-00430-SLR |

**PATENT CASE SCHEDULING ORDER**

At Wilmington this ___ day of _____ 2016, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Fact Discovery.**

(a) All fact discovery shall be commenced in time to be completed by **[Plaintiffs and Actavis: January 12, 2018] [Perrigo: July 24, 2017]**.

(b) **Management.** Consistent with this order and the court's order for a scheduling conference, all discovery disputes, and the overall management of discovery, are referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(c) **Initial Disclosures.**[1] Absent agreement among the parties:

**(1)** The parties shall exchange the following information by **October 5, 2016:**

- Rule 26(a) Initial Disclosures

- The 10 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely. The custodians shall be identified by name, title, role in the instant dispute, and the subject matter of the information.

- A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

- Any issues relating to:

    o (i) Any ESI (by type, date, custodian, electronic system or other criteria), other than those categories in Schedule A, that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

    o (ii) Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

---

[1] The court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

- o (iii) Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

(2) On or before **October 5, 2016**, plaintiffs shall identify the accused product(s)[2] and their damages model, as well as the asserted patent(s) the accused product(s) allegedly infringe(s). Plaintiffs shall produce the file history for each asserted patent.

(3) On or before **[Plaintiffs and Actavis: October 26, 2016] [Perrigo: October 21, 2016]**, defendants shall produce **[Plaintiffs:** to plaintiffs the core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to full copies of each defendants' ANDA, non-publicly available operation manuals, product literature, schematics, and specifications**] [Actavis and Perrigo:** full copies of each defendants' ANDA **]**.

(4) The Magistrate Judge shall thereafter conduct a status conference to ensure that the initial exchanges have been meaningful.

(5) On or before **[Plaintiffs and Actavis: December 21, 2016] [Perrigo: November 21, 2016]**, plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(6) On or before **[Plaintiffs and Actavis: January 20, 2017] [Perrigo: December 21, 2016]**, defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

---

[2] Including accused methods and systems.

(d) Document production.

(1) The parties agree that there shall be no limit on the number of requests for production by each party to any other party.

(2) Discovery of paper and electronic documents shall be completed on or before **[Plaintiffs and Actavis: June 29, 2017] [Perrigo: April 10, 2017]**.

(e) **Depositions.**

(1) No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

**(2) [Plaintiffs:** The parties agree to no more than 12 fact witness depositions per side (but no more than 6 against each defendant or their current/former employees). In addition, defendants may take up to 18 hours total of 30(b)(6) testimony from Plaintiffs. Plaintiffs may take up to 16 hours of 30(b)(6) testimony from each defendant. If a party designates more than three people designated as 30(b)(6) witnesses, the parties shall meet and confer to discuss reasonable additional time limits. Any other issues related to depositions shall be addressed by the Magistrate Judge no later than the completion of document production.**]**

**[Actavis and Perrigo:** The parties agree to no more than 14 fact witness depositions per side (but no more than 7 against each defendant or their current/former employees). In addition, defendants may take up to 15 hours total of 30(b)(6) testimony from LEO. LEO may take up to 10 hours of 30(b)(6) testimony from each defendant.**]**

(f) **Written Discovery.**

(1) Maximum of 25 interrogatories by Plaintiffs to each of Actavis and Perrigo. Maximum of 17 joint interrogatories and 8 individual interrogatories from Actavis and Perrigo to Plaintiffs (total of 33).

(2) Final infringement contentions[3] shall be due on or before **[Plaintiffs and Actavis: December 15, 2017] [Perrigo: July 24, 2017]**.

(3) Final invalidity contentions shall be due on or before **[Plaintiffs and Actavis: December 15, 2017] [Perrigo: July 24, 2017]**.

(4) Maximum of 30 joint requests for admission per side and 10 individual RFAs to/from each party (maximum of 50 requests for admission per side) exclusive of requests for admission of authenticity for which there should be no limit. The parties agree to engage in a mutual, good faith negotiation regarding a stipulation as to the authenticity and foundation of documents they produce

(g) **Supplementation.** No later than **[Plaintiffs and Actavis: December 15, 2017] [Perrigo: July 24, 2017]**, the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

2. Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties and/or to amend pleadings shall be filed on or before [Plaintiffs and Actavis: August 10, 2017] [Perrigo: April 17, 2017].

3. Settlement Conference. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[4] for the purposes of exploring ADR.

---

[3] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

4. **Claim Construction.**[5]

(a) The parties shall exchange lists of those claim terms in need of construction on or before **[Plaintiffs and Actavis: March 23, 2017] [Perrigo: January 13, 2017]**.

(b) The parties shall exchange proposed preliminary claim construction of disputed terms and identify and produce intrinsic and extrinsic evidence to support proposed constructions of disputed terms (excluding expert declarations) on or before **[Plaintiffs and Actavis: April 27, 2017] [Perrigo: January 23, 2017]**.

(c) The parties shall identify and produce intrinsic and extrinsic evidence in opposition to proposed constructions of disputed terms (excluding expert declarations) on or before **[Plaintiffs and Actavis: May 18, 2017] [Perrigo: February 6, 2017]**.

(d) The parties shall meet and confer to narrow terms for construction and claim construction issues in dispute on or before **[Plaintiffs and Actavis: June 1, 2017] [Perrigo: February 20, 2017]**.

(e) The parties shall agree upon and file a Joint Claim Construction Statement on **[Plaintiffs and Actavis: June 8, 2017] [Perrigo: February 27, 2017]**. For any contested claim limitation, each party must submit a proposed construction.[6]

---

[4] The court may also refer ADR to a Special Master.

[5] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

[6] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(f) Plaintiffs shall serve and file their opening brief on claim construction on or before **[Plaintiffs and Actavis: June 29, 2017] [Perrigo: March 6, 2017]**.

(g) Defendants shall serve and file their answering claim construction brief on or before **[Plaintiffs and Actavis: July 27, 2017] [Perrigo: April 10, 2017]**.

(h) Plaintiffs shall serve and file their reply brief on or before **[Plaintiffs and Actavis: August 24, 2017] [Perrigo: April 24, 2017]**.

(i) Defendants shall serve and file their surreply brief on or before **[Plaintiffs and Actavis: September 21, 2017] [Perrigo: May 8, 2017]**.

(j) The court shall conduct a hearing on claim construction on **[Plaintiffs and Actavis: *mid October 2017*] [Perrigo: *early June 2017*]**.[7]

(k) The court shall issue its decision on claim construction on or before **[Plaintiffs and Actavis: *early December 2017*] [Perrigo: *mid July 2017*]**.

(l) The court shall thereafter conduct a status conference on **[Plaintiffs and Actavis: *early December 2017*] [Perrigo: *mid August 2017*]**, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

5. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **[Plaintiffs and Actavis: July 16, 2018] [Perrigo: April 13, 2018]**.

---

[7] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

(b) Expert reports on issues for which the parties have the burden of proof shall be served on or before **[Plaintiffs and Actavis: February 15, 2018] [Perrigo: September 15, 2017]**. Rebuttal expert reports (including objective indicia) shall be served on or before **[Plaintiffs and Actavis: March 29, 2018] [Perrigo: December 15, 2017]**. Reply expert reports (on, e.g., objective indicia) shall be served on or before **[Plaintiffs and Actavis: May 20, 2018] [Perrigo: February 9, 2018]**.

(c) Expert depositions are limited to a maximum of 7 hours, absent agreement of the parties or order of the court.

(d) The court shall conduct an in-person status conference on **[Plaintiffs and Actavis: *early July 2018*] [Perrigo: *mid March 2018*]**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

6. **Fact Witnesses to be Called at Trial.** By **[Plaintiffs and Actavis: August 15, 2018] [Perrigo: May 14, 2018]**, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during fact discovery that it intends to call at trial on any issue on which the party bears the burden of proof. By **[Plaintiffs and Actavis: September 7, 2018] [Perrigo: June 15, 2018]**, each party shall serve on all the other parties a list of each of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during fact discovery that it intends to call at trial in rebuttal to any issue on which it does not bear

the burden of proof. It is expected that all such witnesses have been vetted during the fact discovery process.

7. **Motion Practice.**

(a) All motions to dismiss, to amend, and to transfer (and any discovery motions permitted by a Magistrate Judge) shall be resolved by a Magistrate Judge, pursuant to 28 U.S.C. § 636.

(b) All other motions, including motions to stay and for summary judgment, shall be referred, if at all, on an individualized basis.

(1) Absent an order of the Court, no summary judgment motions may be filed.

8. **Communications with the Court.**

(a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and email the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said emails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

9. **Motions *in Limine*.** No motions *in limine* shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference.** A pretrial conference shall be held on **[Plaintiffs and Actavis: *early October 2018*] ] [Perrigo: *late June 2018*]**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a **7-day bench** trial commencing on **[Plaintiffs and Actavis: *early November 2018*] [Perrigo: *late July 2018*]**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

12. Post-Trial Briefing. The parties agree on the following post-trial briefing schedule:

(a) Opening Briefing and Findings of Fact by the party that bears burden of proof on or before **[Plaintiffs and Actavis: December 7, 2018] [Perrigo: August 3, 2018]**.

(b) Responsive Briefing and Findings of Fact by the opposing party on or before **[Plaintiffs and Actavis: January 11, 2019] [Perrigo: September 7, 2018]**.

(c) Reply Briefing by the party that bears the burden of proof on or before **[Plaintiffs and Actavis: January 25, 2019] [Perrigo: September 21, 2018]**.

(d) Sur-reply Briefing by the opposing party on or before **[Plaintiffs and Actavis: February 8, 2019] [Perrigo: October 5, 2018]**.

_____<br>UNITED STATES DISTRICT JUDGE

Draft Proposed Picato Litigation Schedule - Actavis/Perrigo
16-333-SLR; 16-430-SLR
(Sept. 14, 2016 Scheduling Conference)

| Event | Plaintiffs/Actavis: Proposed Date | Perrigo: Proposed Dates |
|---|---|---|
| Rule 26(a) initial disclosures (includes Para 3 disclosures) | Wednesday, Oct. 05, 2016 | |
| Parties to submit proposed Protective Order to the Court | Wednesday, Oct.05, 2016 | |
| Plaintiffs identify accused products, asserted patents, and produce file histories | Wednesday, Oct. 05, 2016 | |
| Defendants produce core technical documents (incl. full ANDA) | Wednesday, Oct. 26, 2016 | Friday, Oct. 21, 2016 |
| Plaintiffs' initial infringement contentions | Wednesday, Dec. 21, 2016 | Monday, Nov. 21, 2016 |
| Defendants' initial invalidity contentions | Friday, Jan. 20, 2017 | Wednesday, Dec. 21, 2016 |
| Parties to exchange list of proposed disputed terms for claim construction | Thursday, Mar. 23, 2017 | Friday, January 13, 2017 |
| Parties to exchange proposed preliminary claim construction of disputed terms and identify and produce intrinsic and extrinsic evidence to support proposed constructions of disputed terms (excluding expert declarations) | Thursday, Apr. 27, 2017 | Monday, Jan. 23, 2017 |
| Parties to identify and produce intrinsic and extrinsic evidence in opposition to proposed constructions of disputed terms (excluding expert declarations) | Thursday, May 18, 2017 | Monday, Feb. 06, 2017 |

| Event | Plaintiffs/Actavis: Proposed Date | Perrigo: Proposed Dates |
|---|---|---|
| Parties to meet and confer to narrow terms for construction and claim construction issues in dispute | Thursday, Jun. 1, 2017 | Monday, Feb. 20, 2017 |
| Parties file Joint Claim Construction Statement | Thursday, Jun. 8, 2017 | Monday, Feb. 27, 2017 |
| Plaintiffs file opening Markman Brief | Thursday, Jun. 29, 2017 | Monday, Mar. 06, 2017 |
| Completion of document production | Thursday, Jun. 29, 2017 | Monday, Apr. 10, 2017 |
| Defendants file answering Markman brief | Thursday, Jul. 27, 2017 | Monday, Apr. 10, 2017 |
| Deadline to amend pleadings or join parties | Thursday, Aug. 10, 2017 | Monday, Apr. 17, 2017 |
| Plaintiffs file Markman reply brief | Thursday, Aug. 24, 2017 | Monday, Apr. 24, 2017 |
| Defendants file Markman surreply brief | Thursday, Sept. 21, 2017 | Monday, May 08, 2017 |
| Markman hearing | Mid Oct. 2017 | Early Jun. 2017 |
| Deadline for Markman order | Early Dec. 2017 | Mid Jul. 2017 |
| Plaintiffs' final infringement contentions | Friday, Dec. 15, 2017 | Monday, Jul. 24, 2017 |
| Defendants final invalidity contentions | Friday, Dec. 15, 2017 | Monday, Jul. 24, 2017 |
| Supplementation Deadlines (to accused products/invalidity refs) | Friday, Dec. 15, 2017 | Monday, Jul. 24, 2017 |
| Status conference to discuss scope of case | Early Dec. 2017 | Mid. Aug. 2017 |
| Close of fact discovery | Friday, Jan. 12, 2018 | Monday, Jul. 24, |

| Event | Plaintiffs/Actavis: Proposed Date | Perrigo: Proposed Dates |
|---|---|---|
| | | 2017 |
| Opening expert reports on those issues for which the parties bear the burden of proof | Thursday, Feb. 15, 2018 | Friday, Sep. 15, 2017 |
| Rebuttal expert reports (including objective indicia) | Thursday, Mar. 29, 2018 | Friday, Dec. 15, 2017 |
| Reply expert reports (including responding to objective indicia) | Thursday, May 10, 2018 | Friday, Feb. 9, 2018 |
| Close of expert discovery | Monday, Jul. 16, 2018 | Friday, Apr. 13, 2018 |
| Expert discovery status conference (if needed) | Early Jul. 2018 | Mid. Mar. 2018 |
| Exchange list of fact trial witnesses | Wednesday, Aug. 15, 2018 | Monday, May 14, 2018 |
| Exchange list of rebuttal fact trial witnesses | Friday, Sept. 7, 2018 | Friday, June 15, 2018 |
| Pretrial Conference | Early Oct. 2018 | Late Jun. 2018 |
| Trial | Early Nov. 2018 | Late Jul. 2018 |
| Opening Briefing and Findings of Fact by the Party that Bears the Burden of Proof | Friday, Dec. 7, 2018 | Friday, Aug. 3, 2018 |
| Responsive Briefing and Findings of Fact by Opposing Party | Friday, Jan. 11, 2019 | Friday, Sep. 7, 2018 |
| Reply Briefing by the Party that Bears the Burden of Proof | Friday, Jan. 25, 2019 | Friday, Sep. 21, 2018 |
| Sur-reply Briefing by Opposing Party | Friday, Feb. 8, 2019 | Friday, Oct. 5, 2018 |

| Event | Plaintiffs/Actavis: Proposed Date | Perrigo: Proposed Dates |
|---|---|---|
| **7.5-year FDA litigation stay expires** | **Tuesday, Jul. 23, 2019** | |

14