# Exhibit 1

ORAL ORDER: The Court, having considered the parties' letter submission setting out their respective proposals regarding case narrowing, (D.I. 36), HEREBY ORDERS as follows: (1) By no later May 11, 2018, Plaintiffs shall reduce the number of asserted claims to 40 claims; (2) By no later than May 25, 2018, Defendant shall reduce its total prior art combinations to 160, consisting of no more than 40 references, regarding Sections 102/103; (3) By no later than February 1, 2019, Plaintiffs shall further reduce the number of asserted claims to 15 claims; and (4) By no later than February 15, 2019, Defendant shall further reduce its total prior art combinations to 50, consisting of no more than 20 references, regarding Sections 102/103. IT IS FURTHER ORDERED that Defendant's proposal regarding the third dispute between the parties (relating to "system" references) is ADOPTED, for the reasons stated by Defendant, (D.I. 36 at 4). The parties may, of course, seek to modify the above limitations in the future upon a showing of good cause. See In re Katz Interactive Call Processing Patent Litig., 639 F.3d 1303, 1312 (Fed. Cir. 2011). Ordered by Judge Christopher J. Burke on 2/5/2018. (dlb) (Entered: 02/05/2018)

As of February 6, 2018, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Thermo Fisher Scientific Inc. et al v. Agilent Technologies, Inc.*
1-17-cv-00600 (DED), 2/5/2018, docket entry

# Exhibit 2

| | |
|---|---|
| 10/17/2016 | ORAL ORDER: The Court, having reviewed the parties joint letter regarding the reduction of asserted claims and prior art references, (D.I. 45), hereby ORDERS as follows: (1) By no later than May 1, 2017, Plaintiff shall serve its Preliminary Identification of Asserted Claims, including no more than 46 claims across the seven asserted patents (with no per patent limit); (2) By no later than 20 days after the Court issues a claim construction order, Plaintiff shall identify no more than 24 claims in conjunction with its final infringement contentions (no more than 7 claims per patent); (3) By no later than October 24, 2016, the parties shall jointly submit a letter of no more than two single-spaced pages, addressing their respective proposals for a similar two-stage cut-down of the number of prior art references and combinations, pursuant to Defendant's request, (D.I. 45 at 2), or, if the parties have agreed on a joint proposal by then, advising the Court as to the nature of that proposal. Ordered by Judge Christopher J. Burke on 10/17/2016. (dlk) Modified on 10/18/2016 (dlk). (Entered: 10/17/2016) |
| 10/27/2016 | ORAL ORDER: The Court, having reviewed the parties' joint letter regarding prior art reduction, (D.I. 48), hereby ORDERS as follows: (1) By no later than May 15, 2017, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall identify no more than 60 references and 120 combinations. Defendant shall further reduce its Asserted Prior Art to 30 references and 60 combinations on the date that its final invalidity contentions are due (no more than 12 references and 24 combinations per patent). (2) The Court hereby adopts the definition of "prior art combination" as defined in this Court's Memorandum Order in Greatbatch Ltd. v. AVX Corp., et al., Civil Action No. 13-723-LPS (D. Del. July 28, 2015) (D.I. 368 at 2). (3) Defendant's request that an invalidity argument based on a prior art product or use count as a single reference that includes all corroborating evidence used to show how that product or use functioned, (D.I. 48 at 1), is GRANTED. (4) Defendant's request that the prior art limitations should not limit its ability to provide evidence of background knowledge in the art, (id.), is GRANTED. As to both the limitations ordered by the Court with regard to reduction of claims, and the limitations ordered here, a party may later seek expansion of these limitations if there is good cause to do so. Ordered by Judge Christopher J. Burke on 10/27/2016. (dlk) (Entered: 10/27/2016) |

# Exhibit 3

ORAL ORDER: Having reviewed the parties' letters (C.A. No. 12-274 D.I. 303, 304), IT IS HEREBY ORDERED that: (1) as proposed by Defendants, Defendants shall reduce the number of prior art references to no more than twelve per asserted claim of the '180 and '405 patents, no later than sixty days after the Court issues its Markman ruling; and (2) Plaintiff shall reduce the number of asserted claims in each patent to no more than 25 and subsequently to no more than 15, consistent with paragraphs 1 and 6 of the Courts September 22, 2014 Order regarding the '197 patent. Particularly given the uncertainty as to the date of conception, Defendants' proposed reduction in the number of prior art references is more reasonable than Plaintiff's proposal. Other support for the reasonableness and appropriateness of the reductions ordered today are set forth in the parties' letters and by the Court during the teleconference leading to the September 22 order. The teleconference scheduled for January 23 is CANCELLED. ORDERED by Judge Leonard P. Stark on 1/22/15. Associated Cases: 1:12-cv-00104-LPS et al. (ntl) (Entered: 01/22/2015)

# Exhibit 4

08/29/2013 42  ORAL ORDER: Having reviewed the parties' scheduling proposals (see, e.g., C.A. No. 12-1042 D.I. 29), IT IS HEREBY ORDERED that: (1) on the disputed issues, the Court adopts Defendants' proposals, with the following exceptions: (a) at pages 7-8, the Court adopts the following: "Not later than 14 days after service of a Final Election of Asserted Claims, Defendants shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the thirty six prior art references previously identified, and no more than a total of 18 references;" and (b) at paragraph 15, with respect to briefing on case dispositive motions, the Court adopts the following: "For all other issues, each side will be limited to a combined total of 60 pages for all opening briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), each side will be limited to a combined total of 60 pages for all answering briefs (with a maximum of 20 pages filed by or addressed towards a single defendant group), and each side will be limited to a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed (with a maximum of 8 pages filed by or addressed towards a single defendant group)."; and (2) Plaintiff shall submit, on behalf of all parties, no later than September 3, 2013, a revised version of the Scheduling Order reflecting the rulings contained in this Order. ORDERED by Judge Leonard P. Stark on 8/29/13. Associated Cases: 1:12-cv-01042-LPS et al.(ntl) (Entered: 08/29/2013)