# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, AND LEO PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES UT, INC., AND ACTAVIS, INC., <br><br> Defendants. | Civil Action No. 16-333-JFB-SRF <br> Civil Action No. 17-1752-JFB-SRF |
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, AND LEO PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PERRIGO UK FINCO LIMITED PARTNERSHIP AND PERRIGO COMPANY, <br><br> Defendants. | Civil Action No. 16-430-JFB-SRF <br> Civil Action No. 17-1753-JFB-SRF |

## ORDER

At Wilmington this **29th** day of **March, 2018**, the court having considered the parties' letter submissions regarding their competing proposals to narrow the scope of the litigation (D.I. 273; D.I. 274; D.I. 283), IT IS HEREBY ORDERED THAT the court shall adopt a two-phase procedure for the reduction in the number of asserted claims and invalidity arguments[1] as follows:

---

[1] *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011); *see also* D.I. 273, Exs. 1-4.

**Phase One:**

1. Within seven (7) days of the date of this Order, Perrigo shall provide non-infringement contentions for the New Brown Patents.

2. Within seven (7) days of the previous deadline, LEO shall narrow its claims to no more than forty (40) claims per defendant.

3. Within seven (7) days of LEO's claim narrowing, defendants shall collectively narrow their invalidity contentions to no more than ten (10) references per asserted claim, and no more than ten (10) combinations per asserted claim.[2] A "prior art combination" shall be defined as it was in *Greatbatch Ltd. v. AVX Corp.*, C.A. No. 13-723-LPS, D.I. 368 at ¶ 2 (D. Del. July 28, 2015).

**Phase Two:**

1. Within seven (7) days after the close of expert discovery, LEO shall narrow its asserted claims to no more than twenty (20) claims per defendant.

2. Within seven (7) days of LEO's claim narrowing, defendants shall collectively narrow their invalidity contentions to no more than five (5) references per asserted claim, and no more than five (5) combinations per asserted claim.

3. The parties may seek to modify the aforestated limitations, in the future, upon a showing of good cause. *See In re Katz*, 639 F.3d at 1312-13.

---

[2] Limitations on prior art combinations do not extend to prior art references used to illustrate the state of the art, the knowledge possessed by a person of ordinary skill, to address alleged secondary considerations, or for other context surrounding obviousness that is commonly introduced in a patent trial.

2

IT IS FURTHER ORDERED that LEO's request to limit the number of § 112 arguments per asserted claim is DENIED without prejudice.

Sherry R. Fallon
United States Magistrate Judge