IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEO PHARMA A/S, LEO LABORATORIES LIMITED, AND LEO PHARMA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ACTAVIS LABORATORIES UT, INC., AND ACTAVIS, INC., <br><br> Defendants. | Civil Action No. 16-333-JFB-SRF <br> Civil Action No. 18-402-JFB-SRF <br><br> ~~UNDER SEAL~~ unsealed 7/11/18 |

## MEMORANDUM ORDER

At Wilmington this **18th** day of **June, 2018**, the court having considered the parties' letter submissions and arguments regarding the motion to strike the expert report and testimony of patent attorney Stephen Kunin, filed by plaintiffs LEO Pharma A/S, LEO Laboratories Limited, and LEO Pharma, Inc. (collectively, "LEO"), and the request of defendants Actavis Laboratories UT, Inc. and Actavis, Inc. ("Actavis") to compel LEO to grant Mr. Kunin access to confidential information (D.I. 298; D.I. 299; D.I. 300; D.I. 301; 5/8/18 Tr.), IT IS HEREBY ORDERED THAT both parties' motions are denied without prejudice for the reasons set forth below.

1. **Background.** On May 6, 2016, LEO filed a complaint for patent infringement under the Hatch-Waxman Act against defendants Actavis Laboratories UT, Inc. and Actavis, Inc. ("Actavis"). (D.I. 1) The action relates to Abbreviated New Drug Application ("ANDA") Nos. 208807 and 209086 (together, "the Actavis ANDAs"), which were filed by Actavis with the U.S. Food and Drug Administration ("FDA") seeking approval to market generic versions of LEO's Picato® pharmaceutical products. (D.I. 73 at ¶ 1) The Picato® products are gels containing

ingenol mebutate as the active pharmaceutical ingredient ("API") at dosage strengths of 0.015% and 0.05%. (*Id.*) LEO Pharma is the holder of New Drug Application ("NDA") No. 202833 for ingenol mebutate gel at concentrations of 0.015% and 0.05%, which was approved by the FDA on January 23, 2012. (*Id.* at ¶ 13) LEO's Picato® products are approved for the topical treatment of actinic keratosis. (*Id.* at ¶ 16)

**2.** The court entered a scheduling order on October 13, 2016. In pertinent part, the scheduling order instructs that "[n]o *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court" at an in-person status conference following the conclusion of expert discovery scheduled for June 12, 2018. (D.I. 20 at ¶ 5(d))

**3.** On June 26, 2017, LEO filed its second amended complaint. (D.I. 73) The second amended complaint alleges infringement of ten patents: U.S. Patent Nos. 7,410,656 ("the '656 patent"), 8,278,292 ("the '292 patent"), 8,372,827 ("the '827 patent"), 8,372,828 ("the '828 patent"), 8,377,919 ("the '919 patent"), 8,536,163 ("the '163 patent"), 8,716,271 ("the '271 patent"), 8,735,375 ("the '375 patent"), 9,416,084 ("the '084 patent"), and 9,676,698 ("the '698 patent") (collectively, the "patents-in-suit"). (*Id.* at ¶ 8) The '084 patent and the '698 patent, identified as the "Process Patents," cover methods of producing ingenol mebutate. (*Id.* at ¶ 20) The Process Patents are both entitled, "Method of Producing Ingenol-3-Angelate," they share a common specification and common inventors, and both claim priority to Provisional Application No. 61/366,018, which was filed in 2010. (D.I. 106, Exs. 6-7) The '698 patent is a continuation of the '084 patent. (*Id.*, Ex. 7)

**4.** On July 10, 2017, Actavis filed its answer and counterclaims to the second amended complaint, alleging inequitable conduct based on LEO's alleged failure to disclose U.S.

2

Patent No. 7,378,445 ("the '445 patent") to the United States Patent and Trademark Office ("PTO") during prosecution of the Process Patents. (D.I. 85 at ¶¶ 159-196)

5. On February 12, 2018, the court issued a Memorandum Opinion and Order granting LEO's motion to dismiss Actavis' inequitable conduct counterclaim. (D.I. 247; D.I. 248)

6. On March 14, 2018, LEO filed a complaint to address standing issues regarding the chain of title to the Brown Patent Family. The Process Patents are not at issue in Civil Action No. 18-402-JFB-SRF. The court consolidated this action with Civil Action No. 16-333-JFB-SRF, preserving the existing scheduling orders. (D.I. 289)

7. On April 2, 2018, Actavis requested permission for patent attorney and former PTO employee Stephen Kunin to access information designated confidential under the terms of the Stipulated Protective Order. (D.I. 29) Actavis served the expert report of Mr. Kunin on April 14, 2018. The court held a discovery dispute teleconference on May 8, 2018 to address LEO's motion to strike Mr. Kunin's expert report and testimony. During the teleconference, the parties noted that the deadline for responsive expert reports under the scheduling order is May 16, 2018. (5/8/18 Tr. at 27:18-20) The court agreed to suspend or extend the response deadline pending the issuance of this ruling. (*Id.* at 27:21-28:8)

8. **Analysis.** LEO's request to strike the expert report and testimony of Mr. Kunin is denied without prejudice. The motion is premature in view of the scheduling order's specific instructions regarding motions of this nature. (D.I. 20 at ¶ 5(d)) Moreover, the court concludes that the motion is, at its core, a *Daubert* motion best reserved for resolution by the trial judge.[1]

---

[1] The general practice in non-ANDA patent cases referred to the undersigned judicial officer is to reserve judgment on *Daubert* motions, motions *in limine*, and motions for summary judgment for the District Judge in accordance with the referral order. Because this is an ANDA case, the

3

*See BASF Corp. v. Johnson Matthey Inc.*, C.A. No. 14-1204-RGA (D.I. 167) (D. Del. May 1, 2018) ("Plaintiff wants to resolve the [letter motion to quash an expert report] through the more expeditious and less expensive discovery dispute procedure. Unfortunately, it really is not a discovery dispute."). Accordingly, the instant ruling denying LEO's motion to strike the expert report of Mr. Kunin is without prejudice to LEO filing a *Daubert* motion, limited to the expert report of Mr. Kunin, to be filed on or before **July 6, 2018**, and to be briefed in accordance with D. Del. Local Rule 7.1.3. Consistent with the statements made on the record during the May 8, 2018 teleconference, LEO may postpone filing a responsive expert report pending the District Judge's *Daubert* decision. (5/8/18 Tr. at 27:21-28:8)

9. In the alternative, the court encourages the parties to continue their efforts to reach a compromise regarding a modified version of Mr. Kunin's report which removes the disputed legal conclusions.[2] (5/8/18 Tr. at 28:11-29:13) If the parties reach a compromise for Actavis to produce an amended expert report by Mr. Kunin in lieu of a *Daubert* motion practice, the amended report shall be filed on or before **June 29, 2018**. Thereafter, the deadline for LEO's rebuttal expert report is on or before **July 30, 2018**.

---

scheduling order does not expressly refer *Daubert* motions and motions to strike expert opinion to the District Judge, and instead contemplates entertaining *Daubert* motions only with prior court approval. The court concludes that gatekeeping decisions regarding the evidence to be admitted and considered at trial are best reserved for the District Judge charged with deciding the case on the merits.

[2] Expert testimony on the legal standards applicable to the case is generally not permitted in this district. *See Crawford v. George & Lynch, Inc.*, C.A. No. 10-949-GMS-SRF, 2013 WL 6504361, at *2-3 (D. Del. Dec. 9, 2013) (citing *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006)). "The law of this district is clear that experts in patent cases may not opine on whether a party engaged in inequitable conduct, discuss whether certain information was material to a pending patent application, or otherwise provide legal conclusions on 'substantive issues of patent law.'" *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, C.A. No., 2010 WL 3907490, at *2 (D. Del. Sept. 21, 2010) (further concluding that "parties are generally not permitted to explain patent prosecution histories through expert testimony.").

4

10. Actavis' request to compel LEO to grant Mr. Kunin access to confidential information is denied. As discussed in ¶¶ 8-9, *supra*, the scope of Mr. Kunin's opinions are reserved for decision by the District Judge, unless an amended report is provided on or before **June 29, 2018**.

11. **Conclusion.** In view of the foregoing analysis, LEO's motion to strike the expert report and testimony of Mr. Kunin is denied without prejudice, and Actavis' motion to compel LEO to grant Mr. Kunin access to confidential information is also denied without prejudice. Should LEO choose to file a *Daubert* motion limited to the expert report of Mr. Kunin, the *Daubert* motion shall be filed in accordance with the Local Rules on or before **July 6, 2018**. Alternatively, Actavis may file an amended expert report by Mr. Kunin on or before **June 29, 2018**, with LEO's rebuttal expert report due on or before **July 30, 2018**.

12. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **June 25, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

13. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

14.     The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

_____
Sherry R. Fallon
United States Magistrate Judge